IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00247-CR

 

Deeshawn Dismuke,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 28250CR

 



MEMORANDUM  Opinion










 

      Dismuke appeals his conviction for intentionally
or knowingly causing serious bodily injury to a child.  See Tex. Penal Code Ann.
§ 22.04(a)(1), (e) (Vernon 2003).  We affirm.

      We understand Dismuke’s two issues to
challenge the legal sufficiency of the evidence.  In his first issue, he generally
contends that “the trial court erred in allowing the conviction to stand.”  In
his second issue, Dismuke contends that the trial court erred in overruling
Dismuke’s motion for instructed verdict.  “We treat a point of error
complaining about a trial court’s failure to grant a motion for directed
verdict as a challenge to the legal sufficiency of the evidence.”  Williams
v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).  “In deciding whether
evidence is legally sufficient, ‘the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.’”  Hampton v. State, 165 S.W.3d 691, 693
(Tex. Crim. App. 2005) (quoting Griffin v. State, 614 S.W.2d 155, 159
(Tex. Crim. App. [Panel Op.] 1981)); accord Jackson v. Virginia, 443 U.S. 307, 319 (1979).  

      Dismuke argues that there is “almost no
evidence” that he caused the victim’s injuries.  Buried within Dismuke’s argument
is a suggestion that before we can consider the testimony of an accomplice we
must determine whether there is nonaccomplice evidence sufficient to connect
Dismuke to the crime as required by Texas Code of Criminal Procedure Article
38.14.  See Tex. Code Crim. Proc.
Ann. art. 38.14 (Vernon 2005).  The State points to Dismuke’s admission
that he caused the injuries.  This same evidence, Dismuke’s admissions, is
sufficient corroboration of his connection to the crime as required by Article
38.14.  We hold that the jury, viewing this evidence in the light most
favorable to the prosecution, could reasonably have found that Dismuke caused
the victim’s injuries.  We overrule Dismuke’s issues.  

      Having overruled Dismuke’s
issues, we affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Affirmed

Opinion
delivered and filed January 25, 2006

Do
not publish

[CRPM]