COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-564-CR

 

 

TERRENCE N. BROWN                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.                   
Introduction








A jury convicted Appellant Terrence N. Brown of
possession with intent to deliver a controlled substance (cocaine) of four
grams or more but less than 200 grams. 
The trial court sentenced Appellant to ten years=
incarceration.  In two points, Appellant
argues that the evidence of intent to deliver was legally and factually
insufficient to support his conviction.[2]  We affirm.

II.                
Standards of review

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).








In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) when the evidence supporting the verdict or judgment, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) when there is evidence both supporting and contradicting the verdict or
judgment and, weighing all of the evidence, the contrary evidence is so strong
that guilt cannot be proven beyond a reasonable doubt.  Id. at 484-85.  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id.  
        In performing a factual
sufficiency review, we are to give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the
fact finder=s.  Zuniga, 144 S.W.3d at 482.

A proper factual sufficiency
review requires an examination of all the evidence.  Id. at 484, 486-87.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

With these standards of
review in mind, we turn our attention to the evidence adduced at trial.








III.              
Evidence








Fort Worth Police Officer Michael Martinez
testified that while patrolling in east Fort Worth on September 27, 2002, he
observed a white Isuzu pickup truck make an unsignalled left-hand turn.  Martinez turned on his emergency flashers.  The pickup turned Avery
quickly@ into a
residential driveway.  The pickup=s driver quickly got out of the vehicle
and began walking towards the residence. 
Martinez told the driver, Appellant to return to his pickup.  Martinez testified that Appellant Awalked at a brisk pace back towards the
front of his vehicle . . . .  Once he got
to the front part of his vehicle, he slowed his pace down tremendously, very,
very slow.@  Martinez was standing behind Appellant=s pickup.  As Appellant crossed in front of the pickup,
MartinezClooking
through the rear window and front windshield of the pickupCsaw something fall from Appellant=s hand. 
Martinez asked Appellant to sit in the back seat of his patrol car.  He then walked around to the front of the
pickup where he found a clear sandwich bag containing Aone
large, large rock@ and Aa few individual rocks which were still
big rocks@ of crack
cocaine, later found to weigh a total of 6.9 grams.[3]  Martinez then arrested Appellant.  Martinez searched Appellant=s person and found $399 but no drug
paraphernalia.

Bryan Taylor testified that he knew Appellant and
knew that Appellant had an income of $370 for the month of September 2002.  (Outside the jury=s
presence, Taylor testified that he was Appellant=s
probation officer and that Appellant reported his income to Taylor as part of
his monthly probation report.) 

Fort Worth Police Officer Bruce Blaisdell had been
assigned to the special operations division, narcotics section for eight
years.  He testified that individual
doses of crack cocaine are Avery
small,@ about
the size of a plastic thumbtack. A crack cocaine user typically buys a Aa dime,@
or about a tenth of a gram for ten dollars. 
Dealers usually carry crack cocaine in a plastic baggie tied in a
knot.  While individual doses are
occasionally sold to users in individual bags, a dealer will usually Ajust hand you one [a dose of crack]
that=s loose.@ 
Blaisdell testified that the crack cocaine found by Martinez was in a
baggie tied in a knot and that the weight of the cocaine in the baggie was
consistent with Aa dealer
amount@ and with
Aa person that possesses it with intent
to deliver.@  The 6.9 grams of crack would cost $200-$250
if purchased in bulk from a higher-level dealer and would sell for about $700
if resold by the gram or tenth of a gram. A quarter-ounceCabout 6.9 gramsCis
an amount commonly purchased by mid-level dealers for resale. 








Appellant cross-examined Martinez and Blaisdell
extensively on the question of whether the position of the pickup truck
relative to Martinez and Appellant made it impossible for Martinez to see
Appellant drop the baggie.  That line of
questioning is relevant only to the possession aspect of the conviction, which
Appellant does not challenge, rather than to the intent-to-deliver aspect.  Other witnesses testified about when title to
the pickup was issued in Appellant=s
name.  This testimony, too, is irrelevant
to the intent-to-deliver question.

IV.             
Analysis








Intent to deliver a
controlled substance may be proved by circumstantial evidence, including
evidence surrounding its possession.  Rhodes
v. State, 913 S.W.2d 242, 251 (Tex. App.CFort Worth 1995), aff=d, 945 S.W.2d 115 (Tex. Crim. App. 1997), cert.
denied, 522 U.S. 894 (1997). 
Additionally, intent to deliver may be inferred from the quantity of
drugs possessed and from the manner in which they are packaged.  Id. 
Courts have considered several factors in determining such intent,
including the following:  (1) the nature
of the location where the defendant was arrested; (2) the quantity of drugs the
defendant possessed; (3) the manner of packaging of the drugs; (4) the presence
or absence of drug paraphernalia (for use or sale); (5) whether the defendant
possessed a large amount of cash in addition to the drugs; and (6) the
defendant=s status as
a drug user.  Jordan v. State, 139
S.W.3d 723, 726 (Tex. App.CFort Worth 2004, no pet.). 
Expert testimony may be introduced to prove intent to deliver.  Id.

As recounted above, the State
adduced the following evidence relevant to the issue of intent:  Martinez found 6.9 grams of crack cocaine in
a plastic baggie tied with a knot; possession of 6.9 grams of crackCthe equivalent of sixty-nine 1/10-gram dosesCis consistent with an intent to deliver; drug dealers typically carry
crack in knotted baggies; crack is usually sold to users as unpackaged chips;
the crack had a street value of $700; Appellant was carrying $399, somewhat
more than his total income for the month of September; and Appellant had no
drug paraphernalia on his person, suggesting that he did not intend to smoke
the crack himself.








Appellant argues that the
evidence does not support some of the Jordan factors.  First, Appellant argues that while Martinez
arrested Appellant in what Blaisdell called a Ahigh narcotics area,@ Blaisdell also testified that narcotics are sold Apretty much in every section of Fort Worth.@  Appellant also observes that
there was no evidence that the house where he was arrested was a known crack
house.  Second, Appellant argues that 6.9
grams of crack cocaine does not necessarily prove an intent to deliver.  Third, Appellant argues that there is no
evidence that the smaller Arocks@ in the
baggie were 1/10 gram doses.  Fourth,
Appellant argues that he did not have a digital scaleCa tool of the drug tradeCor empty baggies in his possession, which suggests that the crack was
for personal consumption rather than resale and delivery.  We note, however, that Blaisdell testified
that an experienced drug dealer can estimate the weight of a rock of crack by
its size, making scales unnecessary, and that crack is usually distributed to users
without any kind of packaging.  Fifth,
Appellant argues that the $399 found on his person is not necessarily a Alarge amount of cash.@  Finally, Appellant argues that
there is no evidence as to whether he is or is not a drug user.

As the trier of fact, the
jury was the sole judge of the weight of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v.
State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000); Zuniga, 144 S.W.3d
at 481.  While the evidence or lack of
evidence cited by Appellant may be relevant to the factors listed in Jordan,
it does not, when considered in a neutral light alongside all of the other
evidence, so tip the scales in Appellant=s favor as to render the evidence of intent to deliver factually
insufficient.








In his final argument to the
jury, Appellant=s counsel
suggested that A[if] you
believe that [Appellant] possessed it, then you probably should find that he
possessed it with intent,@ and the
jury did just that.  We hold that the
evidence, when considered in the light most favorable to the jury=s verdict, is legally sufficient to support Appellant=s conviction for possession of a controlled substance with intent to
deliver.  We further hold that the
evidence, when viewed in a neutral light, is factually sufficient to support
his conviction.  We overrule both of
Appellant=s points.

V.              
Conclusion

Having overruled both of
Appellant=s points, we
affirm the judgment of the trial court.  See
Tex. R. App. P. 43.2(a).

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    HOLMAN, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 23, 2006











[1]See Tex. R. App. P. 47.4.





[2]He
does not challenge the possession aspect of his conviction.





[3]At
trial, Appellant stipulated that the substance in the baggie was cocaine.