Walter HAMPTON, Jr., Appellant,

v.

The STATE of Texas.

No. PD–0179–04.

Court of Criminal Appeals of Texas.

June 22, 2005.

Shawna L. Reagin, Houston, for Appellant.

Bridget Holloway, Asst. District Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION

PRICE, J., delivered the opinion for a unanimous Court.

The appellant was charged with aggravated sexual assault. At the end of the guilt phase of the trial, the trial court submitted within the jury charge a lesser-included offense instruction for sexual assault. The jury acquitted the appellant of aggravated sexual assault, but found him guilty of sexual assault. On prior review, we held that the submission of the lesser-included offense of sexual assault was improper because it was not supported by the evidence. One remand, the Court of Appeals held that the remedy for this error is a retrial for the lesser offense. We granted review. We conclude that the Court of Appeals was correct in remanding the case because re-litigating sexual assault is not jeopardy barred in this case.

### I. Facts and Procedural History

The appellant was charged with aggravated sexual assault. The evidence admitted during the trial shows that the complaint resided with the appellant. The complainant stated that she had consensual sex on one occasion with the appellant while they were living together. On the night of the offense, the complainant testified, the appellant suddenly attacked her while they were watching television together. He held a knife to her neck while hitting and slapping her. He repeatedly assaulted her sexually, and she did not resist to protect herself from further harm. The complainant reported the incident, and two police officers went to the complainant's residence in response to the call. The two officers spoke to both the appellant and complainant. They also completed a cursory search of the apartment, but were not able to locate the knife.

During trial, the State requested submission of the lesser-included offense instruction on sexual assault, over the appel-

lant's objection. The jury convicted him of sexual assault. The trial court sentenced the appellant to forty years' imprisonment based on the appellant's plea of true to two felony enhancement allegations. The Court of Appeals affirmed, holding that the record contained "some evidence of sexual assault being committed without a knife. Therefore, the jury could have rationally found that the appellant sexually assaulted the complainant, while finding that he did not use a knife in the assault." [1]

We granted the appellant's petition for discretionary review. We reversed the Court of Appeals's judgment and held that the instruction on the lesser-included offense was not warranted by the evidence, and that the trial court erred in submitting such an instruction. We remanded the case to the Court of Appeals for a harm analysis. [2]

The Court of Appeals held that the appellant had been harmed because the appellant was found guilty of the lesser offense. [3] It reversed the judgment of the trial court and remanded the case for a new trial on the offense of sexual assault. The Court went on to hold that the appropriate remedy for the error was a new trial on the charge of sexual assault.

## II. Parties' Arguments

The appellant claims that acquittal of aggravated sexual assault combined with our determination that he was improperly charged with the lesser-included offense instruction for sexual assault means that he cannot be retried for sexual assault. He claims that to do otherwise would violate the constitutional protection against double jeopardy. The appellant did not raise the argument of insufficiency of evidence as a separate point of error. Instead, the appellant claims that it was an integral part of his argument against the charge on the lesser-included offense and the remedy.

The State argues that, assuming the defendant may bring forward an argument of insufficiency of evidence at this time, there is a significant difference between finding trial error and a determining that the evidence is insufficient to support the conviction. It argues that this is merely charge error. The State reasons that we had held that the court should not have submitted the lesser-included offense instruction to the jury because there was no evidence that would permit a rational jury to find the appellant guilty of the lesser offense, but not guilty of the greater offense. That is different, it argues, from concluding that the evidence was legally insufficient to support conviction for sexual assault. Therefore, the State asserts that the appropriate remedy is to remand the case for retrial on sexual assault.

## III. Law and Analysis

 The test for giving an instruction on a lesser-included offense is quite different from the test for legal sufficiency of evidence to support a conviction for crime. In deciding whether evidence is legally sufficient, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." [4] The test used to de-

1. *Hampton v. State,* 66 S.W.3d 430 (Tex.App.-Houston [1st Dist.] 2001).

2. *Hampton v. State,* 109 S.W.3d 437 (Tex. Crim.App.2003).

3. *Hampton v. State,* No. 01–00–00798–CR, 2003 WL 22413968, 2003 Tex.App. LEXIS 9067 (Houston [1st Dist.], delivered Oct. 23, 2003) (not designated for publication).

4. *Griffin v. State,* 614 S.W.2d 155, 159 (Tex. Cr.App.1981) (quoting and adopting the due-process standard of *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

termine whether a jury-charge instruction on a lesser-included offense can be given has two prongs: (1) the lesser-included offense must be included within the proof necessary to establish the offense charged; and (2) some evidence must exist in the record that would permit a rational jury to find the appellant guilty of the lesser offense, but not guilty of the greater offense.[5] This two-prong test applies regardless of whether the instruction is requested by the State or by the defendant.[6]

Applying the *Rousseau* test to the facts of this case, we held that the second prong of the test was not met, and therefore the trial court erred in submitting the lesser-included offense instruction to the jury. In this case, the complainant testified that there was evidence of the knife, but the police were not able to find it. Although we determined that the trial court erred in including the instruction on a lesser-included offense, this does not mean that the evidence was insufficient to convict the appellant of sexual assault.

In fact, the record demonstrates that the evidence was legally sufficient to support conviction for sexual assault. The victim testified that the appellant repeatedly sexually assaulted her, and threatened her with a knife. A later medical evaluation of the victim showed fresh bruising on her neck, three separate tears to the anus, and petechial hemorrhages in the cervix and vaginal area that were consistent with non-consensual sex, prolonged sex, or rough consensual sex. It would produce an absurd result to acquit the appellant of sexual assault for insufficiency of the evidence when the evidence presented at trial on the appellant's assault of the victim would clearly support conviction of sexual assault.

In the case before us, we held that the trial court erred by authorizing the jury to convict the appellant of the lesser-included offense of sexual assault because the second prong of the test for lesser included offenses was not satisfied. We have not held, and the record does not support the conclusion, that the evidence was insufficient to support a conviction for sexual assault.

We hold that the appropriate remedy in this case is a retrial for sexual assault, not because the evidence was legally insufficient to have proved aggravated sexual assault, but because the jury's verdict that the appellant was guilty of the lesser-included offense of sexual assault operates as an acquittal of the greater offense of aggravated sexual assault to which jeopardy had attached. This prevents a retrial for the greater offense,[7] but not for the lesser offense.[8]

## III. Conclusion

The Court of Appeals did not err in concluding that the appropriate remedy is to remand for a new trial. The judgment of the Court of Appeals is affirmed.

**5.** *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex.Crim.App.1993).

**6.** *Arevalo v. State*, 943 S.W.2d 887, 890 (Tex. Crim.App.1997).

**7.** *See Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).

**8.** *See Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970).