COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-05-132-CR

 

 

THOMAS WAYNE DELAY                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 90TH DISTRICT COURT OF YOUNG COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                            Introduction

Appellant Thomas Wayne Delay
appeals from his conviction for aggravated assault of a public servant.  In his sole point, Appellant challenges the
legal sufficiency of the evidence to support his conviction.  We affirm.

                                            Background








While conducting a traffic
stop of a vehicle unrelated to this case, Olney Police Officer Mike Noll
observed Appellant walking down the street toward Officer Noll and his partner,
Sergeant Loeffert.  Appellant was
carrying a gallon milk jug containing a liquid later determined to be bootleg
liquor.  As he approached the officers,
Appellant took a drink from the jug and then threw it to the ground.  Appellant then pulled a folding clasp knife
out of his sock and opened it.  Officer
Noll testified that he felt threatened by Appellant=s actions and drew his service revolver. 

Appellant ripped off his cap
with his other hand and threw it to the ground, clinched his fists, and moved
closer to the officers.  Appellant
repeatedly told the officers to kill him, while they repeatedly told him to
drop the knife.  Eventually, Seargent
Loeffert sprayed Appellant with pepper spray. Appellant dropped the knife and
fell to the ground, and the officers arrested him. 








Officer Noll testified that
during the standoff, Appellant held the knife at his side with the blade
sometimes pointing at the officers and sometimes pointing away from them.  Officer Noll testified that he felt
threatened and Areally
alarmed@ and was in fear for his life. 
Appellant came within inches of Officer Noll before he was
disabled.  Officer Noll interpreted
Appellant=s actions as
Aaggressive.@  Officer Noll testified that Appellant did not
say any threatening words to him such as AI=m going to
stab you@ or AI=m going to kill you.@  Officer Noll testified that
the knife was capable of inflicting serious bodily injury or death.  Appellant was about thirty feet from Officer
Noll when he pulled the knife; the distance between them closed in just a few
seconds. Officer Noll was wearing a uniform and a badge at the time of the
incident.  

Olney Police Chief Rob Goodin
testified that he arrived at the scene of the incident and saw Appellant
holding the knife not Aall the way
down [by] his side@ but Akind of in the middle@ with Ahis right
hand extended away from his body a little bit.@  As Chief Goodin got out of his
car, Sergeant Loeffert sprayed pepper foam at Appellant. 

The incident was captured by
the video camera mounted to the windshield of Officer Noll=s police car, and the videotape was played for the jury. 

                                       Standard of Review

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).








 

                                             Discussion

A person commits the offense
of assault if the person intentionally or knowingly threatens another with
imminent bodily injury.  Tex. Penal Code Ann. ' 22.01(a)(2) (Vernon Supp. 2005). 
A person commits the offense of aggravated assault if the person commits
an assault and uses or exhibits a deadly weapon during the assault.  Id. ' 22.02(a)(2).  Aggravated
assault is a first degree felony if committed against a person the actor knows
is a public servant while the public servant is discharging an official
duty.  Id. ' 22.02(b)(2)(B).  The actor is
presumed to have known the person assaulted was a public servant if the person
was wearing a distinctive uniform or badge. 
Id. ' 22.02(c). 

The
gist of the offense of assault, as set out in [section] 22.01(a)(2), is that
one acts with intent to cause a reasonable apprehension of imminent bodily
injury (though not necessarily with intent to inflict such harm).  Thus, criminal assault of the type involved
here requires that a person knowingly or intentionally threatens another with
imminent bodily injury.

 

Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).  A threat can be communicated by action or
conduct as well as words.  Blount v.
State, 542 S.W.2d 164, 166 (Tex. Crim. App. 1976).








Appellant argues that the
evidence is legally insufficient to prove beyond a reasonable doubt that
Appellant committed any act that would create a reasonable apprehension of
imminent bodily injury on the part of Officer Noll.  In support of his argument, Appellant points
to the facts that Officer Noll was armed with a service pistol and pepper spray
and assisted by Sergeant Loeffert, that both officers had their weapons pointed
at Appellant, and that Appellant made no overt acts of aggression or verbal
threats of violence. 

We disagree.  Appellant approached the officers with drawn
knife and an attitude that can only be characterized as belligerent.  Appellant=s demand that the officers shoot him, his refusal to drop the knife,
his demeanor as perceived and described by Officer Noll, and the shortness of
time in which the salient events occurred all support the conclusion that Officer
Noll reasonably feared imminent bodily injury.

Appellant argues that Officer
Noll could have shot him at any time, but the possibility of preventing bodily
injury to his own person does not preclude his reasonable apprehension of such
injury.  Officer Noll testified that he
felt threatened and alarmed and that he feared for his life.  Under the circumstances, Officer Noll=s apprehension was reasonable and justified.








Finally, Appellant contends
that this Ais a case of
attempted officer assisted suicide,@ not aggravated assault.  But
even supposing that Appellant=s intent was to achieve his own death, his demand that the officers
shoot him while he exhibited a deadly weapon suggests that he intended to force
them into a life or death showdown, further reinforcing the reasonableness of
Officer  Noll=s apprehension of imminent bodily injury.

A rational trier of fact
could have found that Appellant intentionally or knowingly threatened Officer
Noll with imminent bodily injury and that Officer Noll=s apprehension of imminent bodily injury was reasonable.  We therefore hold that the evidence was
legally sufficient to support the jury=s verdict.  We overrule
Appellant=s sole point
and affirm the trial court=s judgment.

 

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    CAYCE, C.J.; GARDNER and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 30, 2006        











[1]See Tex. R. App. P. 47.4.