DELAY V STAE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-132-CR

THOMAS WAYNE DELAY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Thomas Wayne Delay appeals from his conviction for aggravated assault of a public servant.  In his sole point, Appellant challenges the legal sufficiency of the evidence to support his conviction.  We affirm.

Background

While conducting a traffic stop of a vehicle unrelated to this case, Olney Police Officer Mike Noll observed Appellant walking down the street toward Officer Noll and his partner, Sergeant Loeffert.  Appellant was carrying a gallon milk jug containing a liquid later determined to be bootleg liquor.  As he approached the officers, Appellant took a drink from the jug and then threw it to the ground.  Appellant then pulled a folding clasp knife out of his sock and opened it.  Officer Noll testified that he felt threatened by Appellant’s actions and drew his service revolver. 

Appellant ripped off his cap with his other hand and threw it to the ground, clinched his fists, and moved closer to the officers.  Appellant repeatedly told the officers to kill him, while they repeatedly told him to drop the knife.  Eventually, Seargent Loeffert sprayed Appellant with pepper spray. Appellant dropped the knife and fell to the ground, and the officers arrested him. 

Officer Noll testified that during the standoff, Appellant held the knife at his side with the blade sometimes pointing at the officers and sometimes pointing away from them.  Officer Noll testified that he felt threatened and “really alarmed” and was in fear for his life.  Appellant came within inches of Officer Noll before he was disabled.  Officer Noll interpreted Appellant’s actions as “aggressive.”  Officer Noll testified that Appellant did not say any threatening words to him such as “I’m going to stab you” or “I’m going to kill you.”  Officer Noll testified that the knife was capable of inflicting serious bodily injury or death.  Appellant was about thirty feet from Officer Noll when he pulled the knife; the distance between them closed in just a few seconds. Officer Noll was wearing a uniform and a badge at the time of the incident.  

Olney Police Chief Rob Goodin testified that he arrived at the scene of the incident and saw Appellant holding the knife not “all the way down [by] his side” but “kind of in the middle” with “his right hand extended away from his body a little bit.”  As Chief Goodin got out of his car, Sergeant Loeffert sprayed pepper foam at Appellant. 

The incident was captured by the video camera mounted to the windshield of Officer Noll’s police car, and the videotape was played for the jury. 

Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

Discussion

A person commits the offense of assault if the person intentionally or knowingly threatens another with imminent bodily injury.  
Tex. Penal Code Ann.
 §
 22.01(a)(2) (Vernon Supp. 2005).  A person commits the offense of aggravated assault if the person commits an assault and uses or exhibits a deadly weapon during the assault.  
Id. 
§
 22.02(a)(2).  Aggravated assault is a first degree felony if committed against a person the actor knows is a public servant while the public servant is discharging an official duty.  
Id.
 § 22.02(b)(2)(B).  The actor is presumed to have known the person assaulted was a public servant if the person was wearing a distinctive uniform or badge.  
Id.
 § 22.02(c). 

The gist of the offense of assault, as set out in [section] 22.01
(a)(2), is that one acts with intent to cause a reasonable apprehension of imminent bodily injury (though not necessarily with intent to inflict such harm).  Thus, criminal assault of the type involved here requires that a person knowingly or intentionally threatens another with imminent bodily injury.

Garrett v. State
, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).  A threat can be communicated by action or conduct as well as words.  
Blount v. State,
 542 S.W.2d 164, 166 (Tex. Crim. App. 1976).

Appellant argues that the evidence is legally insufficient to prove beyond a reasonable doubt that Appellant committed any act that would create a reasonable apprehension of imminent bodily injury on the part of Officer Noll.  In support of his argument, Appellant points to the facts that Officer Noll was armed with a service pistol and pepper spray and assisted by Sergeant Loeffert, that both officers had their weapons pointed at Appellant, and that Appellant made no overt acts of aggression or verbal threats of violence. 

We disagree.  Appellant approached the officers with drawn knife and an attitude that can only be characterized as belligerent.  Appellant’s demand that the officers shoot him, his refusal to drop the knife, his demeanor as perceived and described by Officer Noll, and the shortness of time in which the salient events occurred all support the conclusion that Officer Noll reasonably feared imminent bodily injury.

Appellant argues that Officer Noll could have shot him at any time, but the possibility of preventing bodily injury to his own person does not preclude his reasonable apprehension of such injury.  Officer Noll testified that he felt threatened and alarmed and that he feared for his life.  Under the circumstances, Officer Noll’s apprehension was reasonable and justified.

Finally, Appellant contends that this “is a case of attempted officer assisted suicide,” not aggravated assault.  But even supposing that Appellant’s intent was to achieve his own death, his demand that the officers shoot him while he exhibited a deadly weapon suggests that he intended to force them into a life or death showdown, further reinforcing the reasonableness of Officer  Noll’s apprehension of imminent bodily injury.

A rational trier of fact could have found that Appellant 
intentionally or knowingly threatened Officer Noll with imminent bodily injury
 and that Officer Noll’s apprehension of imminent bodily injury was reasonable.  We therefore hold that the evidence was legally sufficient to support the jury’s verdict.  We overrule Appellant’s sole point and affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL F: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 30, 2006 

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.