RAMOS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-375-CR

MINNIE MARIA RAMOS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16TH  DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Minnie Maria Ramos appeals her conviction for robbery.  In three issues, appellant challenges the legal and factual sufficiency of the evidence to support her conviction and complains that the trial court improperly denied her request for a jury charge on the lesser-included offense of assault.  We affirm.

The facts of this case are well known to the parties, and the law is well settled.

A person commits robbery if, in the course of committing theft of property and with the intent to obtain or maintain control of the property, she intentionally or knowingly causes bodily injury to another.
(footnote: 2)  The court’s charge instructed the jury that appellant could be criminally responsible for this offense as either a principal or a party.
(footnote: 3) 

Espinoza testified as follows.  While drinking beer in a bar, he noticed appellant sitting alone and approached her.  Espinoza bought appellant a drink, which he paid for with a $100 bill.  Also in his wallet was another $1200, from his paycheck and an income tax refund.  Appellant eventually agreed to have sex with Espinoza for $100, and the two left the bar.  Appellant told Espinoza that she lived about three blocks away.  Espinoza bought beer at a nearby convenience store, and they began walking down the street. 

Eventually, Espinoza noticed that they were being followed by a man.  Espinoza became nervous and suggested that they run, but appellant said not to worry and that it was “nobody.”  At some point, the man, later identified as Jason Smith, came running towards Espinoza, who began to run.  Appellant put out her foot and either caused Espinoza to fall to the ground or knocked him off balance.  Appellant told Smith that she had seen Espinoza’s wallet and that he had a lot of money. 

Espinoza soon recognized Smith as someone he had worked with for three months.  He then realized that appellant picked up Smith every day at lunchtime.  Espinoza yelled, “Jason, it’s me, Willie,” many times, but Smith did not respond.  Espinoza saw a large flashlight in Smith’s hands and was afraid that the larger man (Smith) might kill him.  Consequently, Espinoza took off his belt, wrapped it around his hand and, in an attempt to protect himself, hit Smith on the back.  At the same time, Smith hit Espinoza in the eye with the flashlight. 

Espinoza tried to get away and ran about ten feet before appellant jumped on him from behind, knocking him to the ground.  Appellant yelled for Smith to take Espinoza’s wallet.  Then she grabbed Espinoza around the neck while Smith hit him on the ribs four times with the flashlight.  Smith took Espinoza’s wallet; then he and appellant ran away.  Espinoza passed out from the pain of being hit. 

After about ten minutes, Espinoza was able to get up, and he went back to the bar for help.  Espinoza later went to the police station and was then taken to the hospital.  Photos were taken of injuries to his eye, neck, and abdomen, and he was unable to work for three weeks.  Smith never returned to the job site.  Espinoza identified appellant and Smith from photographic line-ups, after which they were arrested at their home, where they lived together. 

There were some discrepancies between Espinoza’s trial testimony and his statement to police, in which he said that he saw appellant with several women rather than alone, offered her $50 for sex, and had “about $1000” in his wallet rather than $1200.  Espinoza claimed to have been confused when he made the statement, about a week after the alleged assault.  In addition, Espinoza’s hospital record stated that he had reported being hit with a stick, not a flashlight, and Espinoza’s employer testified that Espinoza said his injuries were the result of a bar fight with Smith.

Appellant testified at trial and contradicted Espinoza’s testimony as follows.  Espinoza had bought her a beer, but he did not use a $100 bill to pay for it, and she did not notice that he had a lot of money.  Espinoza offered her $100 for sex, but she refused, telling Espinoza that she had more respect for her body than that.  When appellant decided to leave the bar, Espinoza offered to walk her home, and she agreed.  When they got close to appellant’s home, Espinoza grabbed her hair and said she was not going home.  Appellant fought back, hitting Espinoza in his hands and kicking him in his legs.  She then got up and ran and did not look back until she got home.  She did not rob Espinoza that night with Smith, nor did she know what happened to Espinoza after she left.  Appellant never told Smith about what had happened. 

Having reviewed the record, we hold that the jury reasonably could have concluded beyond a reasonable doubt that appellant, acting with intent to promote or assist the commission of the robbery, encouraged, directed, aided, or attempted to aid Smith to commit the offense.
(footnote: 4)  Although there were some discrepancies in Espinoza’s testimony, and appellant’s testimony contradicted his on several points, it was the jury’s responsibility to resolve these conflicts and to determine the weight and credibility of the evidence.
(footnote: 5)  Further, the evidence contrary to the verdict is not, as appellant contends, so strong that her guilt could not be proven beyond a reasonable doubt.  Accordingly, we hold that the evidence is legally and factually sufficient to support appellant’s conviction.
(footnote: 6)  We overrule appellant’s first and second issues.

In her third issue, appellant complains that the trial court improperly denied her request for a jury charge on the lesser-included offense of assault.

A defendant is entitled to an instruction on a lesser-included offense only if (1) the lesser-included offense must be included within the proof necessary to establish the offense charged and (2) there is some evidence that would permit a jury to rationally find that if appellant is guilty, she is guilty only of the lesser offense.
(footnote: 7)
 In this case, t
here is no evidence that, if appellant is guilty, she is guilty only of assault.  The evidence shows either that appellant intentionally assisted Smith in robbing Espinoza (i.e., in both injuring him and taking his wallet) or that appellant merely fended off Espinoza as her attacker, so there was no robbery or assault.  Therefore, the trial court did not err by refusing to give the requested charge.  We overruled appellant’s third issue.

Having overruled both of appellant’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 18, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Penal Code Ann.
 § 29.02 (Vernon 2003).

3:
Id.
 § 7.02(a)(2) (providing that a person is criminally responsible for an offense committed by the conduct of another if, acting with the intent to promote or assist the commission of the offense, she solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense).

4:
See
 
Tex. Penal Code Ann.
 § 7.02(a)(2).

5:
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);
 
see
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).
 

6:
See 
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (setting out legal sufficiency standard of review);
 
Zuniga v. State
, 144 S.W.3d 477, 481, 484-85 (Tex. Crim. App. 2004) (setting out factual sufficiency standard).
 

7:
Salinas v. State
, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005).