COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-375-CR

 

 

MINNIE MARIA RAMOS                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 16TH  DISTRICT COURT OF DENTON
COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Minnie Maria Ramos appeals
her conviction for robbery.  In three
issues, appellant challenges the legal and factual sufficiency of the evidence
to support her conviction and complains that the trial court improperly denied
her request for a jury charge on the lesser-included offense of assault.  We affirm.

 








The facts of this case are
well known to the parties, and the law is well settled.

A person commits robbery if,
in the course of committing theft of property and with the intent to obtain or
maintain control of the property, she intentionally or knowingly causes bodily
injury to another.[2]  The court=s charge instructed the jury that appellant could be criminally
responsible for this offense as either a principal or a party.[3]


Espinoza testified as
follows.  While drinking beer in a bar,
he noticed appellant sitting alone and approached her.  Espinoza bought appellant a drink, which he
paid for with a $100 bill.  Also in his
wallet was another $1200, from his paycheck and an income tax refund.  Appellant eventually agreed to have sex with
Espinoza for $100, and the two left the bar. 
Appellant told Espinoza that she lived about three blocks away.  Espinoza bought beer at a nearby convenience
store, and they began walking down the street. 

 








Eventually, Espinoza noticed
that they were being followed by a man. 
Espinoza became nervous and suggested that they run, but appellant said
not to worry and that it was Anobody.@  At some point, the man, later identified as
Jason Smith, came running towards Espinoza, who began to run.  Appellant put out her foot and either caused
Espinoza to fall to the ground or knocked him off balance.  Appellant told Smith that she had seen Espinoza=s wallet and that he had a lot of money. 

Espinoza soon recognized
Smith as someone he had worked with for three months.  He then realized that appellant picked up
Smith every day at lunchtime.  Espinoza
yelled, AJason, it=s me,
Willie,@ many times, but Smith did not respond.  Espinoza saw a large flashlight in Smith=s hands and was afraid that the larger man (Smith) might kill
him.  Consequently, Espinoza took off his
belt, wrapped it around his hand and, in an attempt to protect himself, hit
Smith on the back.  At the same time,
Smith hit Espinoza in the eye with the flashlight. 








Espinoza tried to get away
and ran about ten feet before appellant jumped on him from behind, knocking him
to the ground.  Appellant yelled for
Smith to take Espinoza=s
wallet.  Then she grabbed Espinoza around
the neck while Smith hit him on the ribs four times with the flashlight.  Smith took Espinoza=s wallet; then he and appellant ran away.  Espinoza passed out from the pain of being
hit. 

After about ten minutes,
Espinoza was able to get up, and he went back to the bar for help.  Espinoza later went to the police station and
was then taken to the hospital.  Photos
were taken of injuries to his eye, neck, and abdomen, and he was unable to work
for three weeks.  Smith never returned to
the job site.  Espinoza identified appellant
and Smith from photographic line-ups, after which they were arrested at their
home, where they lived together. 

There were some discrepancies
between Espinoza=s trial
testimony and his statement to police, in which he said that he saw appellant
with several women rather than alone, offered her $50 for sex, and had Aabout $1000@ in his
wallet rather than $1200.  Espinoza
claimed to have been confused when he made the statement, about a week after
the alleged assault.  In addition,
Espinoza=s hospital record stated that he had reported being hit with a stick,
not a flashlight, and Espinoza=s employer testified that Espinoza said his injuries were the result
of a bar fight with Smith.








Appellant testified at trial
and contradicted Espinoza=s testimony
as follows.  Espinoza had bought her a
beer, but he did not use a $100 bill to pay for it, and she did not notice that
he had a lot of money.  Espinoza offered
her $100 for sex, but she refused, telling Espinoza that she had more respect
for her body than that.  When appellant
decided to leave the bar, Espinoza offered to walk her home, and she
agreed.  When they got close to appellant=s home, Espinoza grabbed her hair and said she was not going
home.  Appellant fought back, hitting
Espinoza in his hands and kicking him in his legs.  She then got up and ran and did not look back
until she got home.  She did not rob
Espinoza that night with Smith, nor did she know what happened to Espinoza
after she left.  Appellant never told
Smith about what had happened. 








Having reviewed the record,
we hold that the jury reasonably could have concluded beyond a reasonable doubt
that appellant, acting with intent to promote or assist the commission of the
robbery, encouraged, directed, aided, or attempted to aid Smith to commit the
offense.[4]  Although there were some discrepancies in
Espinoza=s testimony, and appellant=s testimony contradicted his on several points, it was the jury=s responsibility to resolve these conflicts and to determine the
weight and credibility of the evidence.[5]  Further, the evidence contrary to the verdict
is not, as appellant contends, so strong that her guilt could not be proven
beyond a reasonable doubt.  Accordingly,
we hold that the evidence is legally and factually sufficient to support
appellant=s
conviction.[6]  We overrule appellant=s first and second issues.

In her third issue, appellant
complains that the trial court improperly denied her request for a jury charge
on the lesser-included offense of assault.

A defendant is entitled to an
instruction on a lesser-included offense only if (1) the lesser-included
offense must be included within the proof necessary to establish the offense
charged and (2) there is some evidence that would permit a jury to rationally
find that if appellant is guilty, she is guilty only of the lesser offense.[7]

In this case, there is no
evidence that, if appellant is guilty, she is guilty only of assault.  The evidence shows either that appellant intentionally
assisted Smith in robbing Espinoza (i.e., in both injuring him and taking his
wallet) or that appellant merely fended off Espinoza as her attacker, so there
was no robbery or assault.  Therefore,
the trial court did not err by refusing to give the requested charge.  We overruled appellant=s third issue.








Having overruled both of
appellant=s issues, we
affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    CAYCE,
C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 18, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Tex. Penal Code Ann. '
29.02 (Vernon 2003).





[3]Id. '
7.02(a)(2) (providing that a person is criminally responsible for an offense
committed by the conduct of another if, acting with the intent to promote or
assist the commission of the offense, she solicits, encourages, directs, aids,
or attempts to aid the other person to commit the offense).





[4]See Tex. Penal Code Ann. '
7.02(a)(2).





[5]Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);
see Tex. Code Crim. Proc. Ann.
art. 38.04 (Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex.
Crim. App. 2000). 





[6]See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Hampton v. State, 165
S.W.3d 691, 693 (Tex. Crim. App. 2005) (setting out legal sufficiency standard
of review); Zuniga v. State, 144 S.W.3d 477, 481, 484-85 (Tex. Crim.
App. 2004) (setting out factual sufficiency standard). 





[7]Salinas
v. State, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005).