COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-267-CR

 

 

QUINTON STANLEY GARY                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Quinton Stanley
Gary appeals his conviction for theft of over $50 but less than $500.  In one point, he contends that the trial
court erroneously overruled his motion for instructed verdict on the basis that
the evidence was insufficient to support his conviction.  We affirm.








In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.[2]  This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.[3]  The trier of fact is the sole judge of the
weight and credibility of the evidence.[4]
Thus, when performing a legal sufficiency review, we may not re-evaluate the
weight and credibility of the evidence and substitute our judgment for that of
the fact finder.[5]  We must resolve any inconsistencies in the
evidence in favor of the verdict.[6]


The following evidence was
presented to the jury at guilt innocence:








Officer Lee Noble was on
patrol at 5:00 a.m. in a high-crime area in Lewisville, Texas when he saw
appellant and another man walking around a van with the doors open in the back
storage and delivery area of Bullock Fabricating, a metal fabrication
company.  As soon as the men saw Officer
Noble, they began to get inside the van and drive.  The officer then turned his patrol car lights
on to perform a traffic stop, but appellant continued to drive the van down the
street and eventually turned and parked behind another nearby business.  Appellant and his companion immediately got
out of the van and began to walk towards the officer=s car.  The officer ordered them
to stop next to the van, and they complied. 


Officer Noble told the men
that he was stopping them about suspicious activity.  The men told the officer that they were there
picking up scrap metal out of dumpsters in order to sell it.  The officer saw that the men had a pile of
scrap metal pieces in their van that he believed came from some type of
fabricating company.  After seeing what
was in the van, the officer escorted the two men back to Bullock Fabricating
while he had his dispatch contact the manager of the business to come to the
scene to determine whether the scrap metal belonged to the business. 








Dean Peters, the general
manager of Bullock Fabricating, came to the business in response to a phone
call from the police regarding a possible theft. He did not notice any evidence
of a break-in but he did identify the property in the back of the van as steel
stiffeners, braces, and scrap metal that belonged to Bullock Fabricating.  He said the scrap metal had come from the
scrap bins inside a large fenced-in area, which was kept closed but could be
opened with a wrench by removing the bolts that joined the sectional
fence.  Peters further explained that the
braces and stiffeners came from another area under a weather-protected awning
where materials are routinely stored. 
Peters testified that the approximate value of the property that
appellant and the other man had in the van was between $250 and $300.  He further stated that neither appellant nor
the other man had permission to retrieve any of the property.    Appellant argues that the evidence is
legally insufficient to support his conviction because there was conflicting
testimony regarding whether employees of Bullock Fabricating were present at
the time of the offense, and because there was no evidence of a break-in.  He also asserts that his actions and
statements to Officer Noble that he believed he was collecting worthless scrap
metal establish that he did not have the requisite intent to commit a theft.

To prove that appellant
committed theft, the State had the burden of proving beyond a reasonable doubt
that he Aunlawfully appropriate[d] property with intent to deprive the owner of
property.@[7]  Appropriation is unlawful if Ait is without the owner=s effective consent.@[8]








After reviewing the evidence
in the light most favorable to the verdict and giving full play to the
responsibility of the jury in resolving any conflicts in testimony,[9]
we hold that a rational trier of fact could have found beyond a reasonable
doubt that appellant intentionally and unlawfully appropriated property from
Bullock Fabricating without effective consent.[10]  Because the evidence is legally sufficient to
support the jury=s verdict,
we overrule appellant=s point. 

Accordingly, we affirm the
trial court=s
judgment.  

 

PER CURIAM

PANEL F:    CAYCE,
C.J.; GARDNER and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
August 17, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);
Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).





[3]Jackson, 443
U.S. at 319, 99 S. Ct. at 2789. 





[4]See Tex. Code Crim. Proc. Ann. art.
38.04 (Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim.
App. 2000).  





[5]Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert.
denied, 529 U.S. 1131 (2000).  





[6]Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).





[7]Tex. Penal Code Ann. '
31.03(a) (Vernon 2003).  





[8]Id. '
31.03(b)(1). 





[9]See Jackson,
443 U.S. at  319, 99 S. Ct. at 2789; Hampton,
165 S.W.3d at 693 (setting out the legal sufficiency standard of review).





[10]See Tex. Penal Code Ann. '
31.03(a) & (b).