GARY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-267-CR

QUINTON STANLEY GARY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Quinton Stanley Gary appeals his conviction for theft of over $50 but less than $500.  In one point, he contends that the trial court erroneously overruled his motion for instructed verdict on the basis that the evidence was insufficient to support his conviction.  We affirm.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
(footnote: 2) 
 This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.
(footnote: 3) 
 The trier of fact is the sole judge of the weight and credibility of the evidence.
(footnote: 4) Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.
(footnote: 5)  
We must resolve any inconsistencies in the evidence in favor of the verdict.
(footnote: 6) 

The following evidence was presented to the jury at guilt innocence:

Officer Lee Noble was on patrol at 5:00 a.m. in a high-crime area in Lewisville, Texas when he saw appellant and another man walking around a van with the doors open in the back storage and delivery area of Bullock Fabricating, a metal fabrication company.  As soon as the men saw Officer Noble, they began to get inside the van and drive.  The officer then turned his patrol car lights on to perform a traffic stop, but appellant continued to drive the van down the street and eventually turned and parked behind another nearby business.  Appellant and his companion immediately got out of the van and began to walk towards the officer’s car.  The officer ordered them to stop next to the van, and they complied.  

Officer Noble told the men that he was stopping them about suspicious activity.  The men told the officer that they were there picking up scrap metal out of dumpsters in order to sell it.  The officer saw that the men had a pile of scrap metal pieces in their van that he believed came from some type of fabricating company.  After seeing what was in the van, the officer escorted the two men back to Bullock Fabricating while he had his dispatch contact the manager of the business to come to the scene to determine whether the scrap metal belonged to the business. 

Dean Peters, the general manager of Bullock Fabricating, came to the business in response to a phone call from the police regarding a possible theft. He did not notice any evidence of a break-in but he did identify the property in the back of the van as steel stiffeners, braces, and scrap metal that belonged to Bullock Fabricating.  He said the scrap metal had come from the scrap bins inside a large fenced-in area, which was kept closed but could be opened with a wrench by removing the bolts that joined the sectional fence.  Peters further explained that the braces and stiffeners came from another area under a weather-protected awning where materials are routinely stored.  Peters testified that the approximate value of the property that appellant and the other man had in the van was between $250 and $300.  He further stated that neither appellant nor the other man had permission to retrieve any of the property.
 
Appellant argues that the evidence is legally insufficient to support his conviction because there was conflicting testimony regarding whether employees of Bullock Fabricating were present at the time of the offense, and because there was no evidence of a break-in.  He also asserts that his actions and statements to Officer Noble that he believed he was collecting worthless scrap metal establish that he did not have the requisite intent to commit a theft.

To prove that appellant committed theft, the State had the burden of proving beyond a reasonable doubt that he “unlawfully appropriate[d] property with intent to deprive the owner of property.”
(footnote: 7)  Appropriation is unlawful if “it is without the owner’s effective consent.”
(footnote: 8)
 After reviewing the evidence in the light most favorable to the verdict and giving full play to the responsibility of the jury in resolving any conflicts in testimony,
(footnote: 9) we hold that a rational trier of fact could have found beyond a reasonable doubt that appellant intentionally and 
unlawfully appropriated property from Bullock Fabricating without effective consent
.
(footnote: 10)  Because 
the evidence is legally sufficient to support the jury’s verdict, we overrule appellant’s point. 

Accordingly, we affirm the trial court’s judgment.  

PER CURIAM

PANEL F: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 17, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

3:
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789. 

4:
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  

5:
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  

6:
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

7:
Tex. Penal Code Ann.
 § 31.03(a) (Vernon 2003).  

8:
Id. 
§ 31.03(b)(1). 

9:
See
 
Jackson
, 443 U.S. at  319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693 (setting out the legal sufficiency standard of review).

10:
See 
Tex. Penal Code Ann.
 § 31.03(a) & (b).