COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-137-CR

BRIAN KEITH CROWNOVER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury found Appellant Brian Keith Crownover guilty of failing to comply with sex offender registration requirements, and the trial court assessed his punishment at four years’ confinement.  
In his sole point, Crownover contends that the evidence against him was legally insufficient to sustain his conviction.  We will affirm.

In April 1997, a jury convicted Crownover of sexual assault.  Consequently, Crownover was required to register as a sex offender and to comply with various statutory requirements.  
See
 
Tex. Code Crim. Proc. Ann
. art. 62.001-.408
 (Vernon 2006).  One of those requirements demanded that Crownover report any change of address “not later than the seventh day before the intended change.”  
Id. 
art. 62.055.  When Crownover initially registered as a sex offender with the Fort Worth Police Department sex crimes unit, he reported his address as 2521 Aiken Lane.  As recently as September 2004, Crownover verified that address as being the location where he resided.  

On three separate occasions from November 2004 through February 2005, the Fort Worth Police Department’s sex crimes unit sent officers to Crownover’s address—2521 Aiken Lane—in an attempt to verify his whereabouts.  On all three occasions, however, the officers were unable to locate Crownover.  On the last two visits, the house appeared uninhabited.  A subsequent investigation revealed that the home had been sold at a foreclosure sale in January 2005.  After September 2004, Crownover never verified that he still resided at the reported address or submitted a change of address to the Fort Worth Police Department.   Consequently, the State charged Crownover with failing to comply with sex offender registration requirements.  A jury returned a verdict of guilty, and the trial court assessed Crownover’s punishment at four years’ confinement.
 

In his sole point, Crownover argues that the evidence at trial was legally 

insufficient to sustain his conviction.  
In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).
  
The standard of review is the same for direct and circumstantial evidence cases.  
Burden v. State
, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

Here, the officers were unable to initiate contact with Crownover at his listed address in November 2004, January 2005, and February 2005.  At trial, the State produced a bill of sale indicating that Crownover’s house sold at a foreclosure sale on January 4, 2005.  The State also admitted photographs of the residence showing that the house was unoccupied during both the January and February visits.  Additionally, the jury heard testimony that on the third visit to Crownover’s listed address, Officers saw a for sale sign in the front yard and a realtor’s key box on the front door.  Finally, the record indicates that as of February 23, 2005, Crownover had not provided the Department with an updated address as required by the statute. 
Id
.

After examining the evidence in the light most favorable to the verdict, we hold that a rational juror could find that Crownover no longer resided at the address he provided to the Forth Worth Police Department.  
See
 
Hampton
, 165 S.W.3d at 693. 
 Therefore, we hold that any rational trier of fact could have found, beyond a reasonable doubt, that Crownover violated sex offender registration requirements by failing to inform the Fort Worth Police Department of his change of address.
  
See 
Tex. Code Crim. Proc. Ann.
 art. 62.055; 
Hampton
, 165 S.W.3d at 693. 
 
We overrule Crownover’s sole point on appeal and affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 8, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.