COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

 

NO. 2-06-137-CR

 

 

 

BRIAN KEITH CROWNOVER                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                               STATE

 

------------

 

FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

------------

 

MEMORANDUM
OPINION[1]

 

------------

A jury found Appellant Brian
Keith Crownover guilty of failing to comply with sex offender registration
requirements, and the trial court assessed his punishment at four years= confinement.  In his sole
point, Crownover contends that the evidence against him was legally
insufficient to sustain his conviction. 
We will affirm.








In April 1997, a jury
convicted Crownover of sexual assault. 
Consequently, Crownover was required to register as a sex offender and
to comply with various statutory requirements. 
See Tex. Code Crim. Proc.
Ann. art. 62.001-.408 (Vernon 2006). 
One of those requirements demanded that Crownover report any change of
address Anot later than the seventh day before the intended change.@  Id. art. 62.055.  When Crownover initially registered as a sex
offender with the Fort Worth Police Department sex crimes unit, he reported his
address as 2521 Aiken Lane.  As recently
as September 2004, Crownover verified that address as being the location where
he resided.  








On three separate occasions
from November 2004 through February 2005, the Fort Worth Police Department=s sex crimes unit sent officers to Crownover=s addressC2521 Aiken
LaneCin an attempt to verify his whereabouts.  On all three occasions, however, the officers
were unable to locate Crownover.  On the
last two visits, the house appeared uninhabited.  A subsequent investigation revealed that the
home had been sold at a foreclosure sale in January 2005.  After September 2004, Crownover never
verified that he still resided at the reported address or submitted a change of
address to the Fort Worth Police Department.  
Consequently, the State charged Crownover with failing to comply with
sex offender registration requirements. 
A jury returned a verdict of guilty, and the trial court assessed
Crownover=s punishment
at four years=
confinement. 

In his sole point, Crownover
argues that the evidence at trial was legally 

insufficient to sustain his conviction.  In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict in order to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d
691, 693 (Tex. Crim. App. 2005).  The
standard of review is the same for direct and circumstantial evidence
cases.  Burden v. State, 55 S.W.3d
608, 613 (Tex. Crim. App. 2001); Kutzner v. State, 994 S.W.2d 180, 184
(Tex. Crim. App. 1999).








Here, the officers were
unable to initiate contact with Crownover at his listed address in November
2004, January 2005, and February 2005. 
At trial, the State produced a bill of sale indicating that Crownover=s house sold at a foreclosure sale on January 4, 2005.  The State also admitted photographs of the
residence showing that the house was unoccupied during both the January and
February visits.  Additionally, the jury
heard testimony that on the third visit to Crownover=s listed address, Officers saw a for sale sign in the front yard and a
realtor=s key box on the front door. 
Finally, the record indicates that as of February 23, 2005, Crownover
had not provided the Department with an updated address as required by the
statute. Id.

After examining the evidence
in the light most favorable to the verdict, we hold that a rational juror could
find that Crownover no longer resided at the address he provided to the Forth
Worth Police Department.  See Hampton,
165 S.W.3d at 693.  Therefore, we hold
that any rational trier of fact could have found, beyond a reasonable doubt,
that Crownover violated sex offender registration requirements by failing to
inform the Fort Worth Police Department of his change of address.  See Tex. Code Crim. Proc. Ann. art. 62.055; Hampton, 165
S.W.3d at 693.  We overrule
Crownover=s sole point
on appeal and affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL F: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: February 8, 2007











[1]See Tex. R. App. P. 47.4.