COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-331-CR

                                        NO.
2-06-332-CR

                                        NO.
2-06-333-CR

 

 

CURTIS DEON REYNOLDS
A/K/A                                            APPELLANT

DOUGLAS
C. REYNOLDS

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Upon his plea of guilty, a
jury convicted Appellant Curtis Deon Reynolds of burglary of a building.  Upon his pleas of not guilty, a jury
convicted Appellant of unauthorized use of a motor vehicle and theft of
$1,500-$20,000. The jury assessed his punishment in each case at ten years= confinement in the Institutional Division of the Texas Department of
Criminal Justice and a $10,000 fine, with the sentences to run concurrently.

Appellant does not raise any
issues regarding his burglary conviction. 
We therefore affirm the trial court=s judgment in that case.  In one
point, Appellant contends that the evidence is legally insufficient to support
his convictions for unauthorized use of a motor vehicle and theft of
$1,500-$20,000.  Because we hold that the
evidence is legally sufficient to support those convictions, we affirm the
trial court=s judgments
in those cases.

In the unauthorized use of a
motor vehicle case, the evidence shows that someone took a white Pontiac
Sunbird from Pacheco=s Garage
without the permission of either Javier Pacheco, the owner of the garage, or
Emilio Garcia, the owner of the car. 
Garcia testified that when his car was recovered, he noticed that the
car had been hotwired.








Meanwhile, the same day that
the car was taken, Roy Tigrett, a Fort Worth police officer, received a tip
from a black male at a motel that a white male was Amessing with@ the steering
column on a white car.  About an hour or
so later, Officer Tigrett saw the white car going north on Evans Street away
from the motel as he was driving south on Evans Street.  The two cars passed each other, and the two
drivers looked right at each other and acknowledged each other.  Officer Tigrett recognized Appellant as the
driver of the white car.  The officer
made a U-turn to follow Appellant, suspecting that the car might be
stolen.  (The officer had not yet heard
about the stolen Pontiac.)  The white car
sped up and turned east without using the turn signal.  The officer turned on his car=s overhead lights, and Appellant jumped out of the moving white
car.  The white car was later identified
as the stolen Pontiac.

Appellant contends that
Officer Tigrett=s Atestimony could be considered suspect because the identification that
took place was in the context of two cars moving past each other.@  He does not otherwise
challenge the evidence in this case.  The
jury is the sole judge of the weight and credibility of the evidence.[2]  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the jury.[3]  Accordingly, based on the applicable standard
of review,[4]
we hold that the evidence is legally sufficient to support Appellant=s conviction for unauthorized use of a motor vehicle.








In the theft case, the
evidence shows that Appellant stole a diagnostic machine from an automotive
shop.  He pawned the machine later that
day. Appellant challenges only the evidence of the value of the stolen
property, contending that he successfully rebutted the owner=s valuation of the property using either the fair market value or cost
method of valuation.

Section 31.08(a) of the penal
code provides that the value of stolen property is Athe fair market value of the property . . . at the time and place of
the offense; or . . . if the fair market value of the property cannot be
ascertained, the cost of replacing the property within a reasonable time after
the theft.@[5]  The fair market value of
property is that amount the property would sell for in cash given a reasonable
amount of time to sell it.[6]








The owner of the machine
testified that he had bought the machine about ten years earlier for around
$2,000, that he had updated the machine with software to keep it current, and
that it would cost about $5,000 to purchase a model with similar
capabilities.  The pawnshop owner
testified that he had paid $200 for the machine because that was the price
Appellant set, not the machine=s fair market value, that an Ebay seller had listed the same model of
machine at a Abuy it now@ price of $450, and that he had no knowledge whether the Ebay machine
had the same updates and capabilities as the stolen machine.  He had no experience selling such machines.

Our review of the record
yields no evidence of the fair market value of the stolen property.  Consequently, the replacement cost determines
the stolen property=s
value.  It is not our place to decide
whether the owner of the machine or the pawnshop owner is more credible.  Again, the jury is the sole judge of the
weight and credibility of the evidence,[7]
and we may not substitute our judgment for that of the jury.[8]  Accordingly, based on the applicable standard
of review,[9]
we hold that the evidence is legally sufficient to support Appellant=s conviction for theft of $1,500-$20,000.

 

 

 

 

 








 

Having held the evidence legally
sufficient in the unauthorized use of a motor vehicle and theft cases, we
overrule Appellant=s sole point
and affirm the trial court=s judgments in all three cases.

 

PER CURIAM

PANEL F:    DAUPHINOT, WALKER,
and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
November 21, 2007











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim. Proc. Ann. art.
38.04 (Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim.
App. 2000).





[3]Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert.
denied, 529 U.S. 1131 (2000).





[4]See
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);
Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (both
providing legal sufficiency standard of review).





[5]Tex. Penal Code Ann. '
31.08(a) (Vernon 2003).





[6]Keeton
v. State, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991).





[7]See Tex. Code Crim. Proc. Ann. art.
38.04; Margraves, 34 S.W.3d at 919.





[8]Dewberry, 4
S.W.3d at 740.





[9]See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Hampton, 165 S.W.3d at
693.