COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-331-CR

NO. 2-06-332-CR

NO. 2-06-333-CR

CURTIS DEON REYNOLDS A/K/A APPELLANT

DOUGLAS C. REYNOLDS

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Upon his plea of guilty, a jury convicted Appellant Curtis Deon Reynolds of burglary of a building.  Upon his pleas of not guilty, a jury convicted Appellant of unauthorized use of a motor vehicle and theft of $1,500-$20,000. The jury assessed his punishment in each case at ten years’ confinement in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine, with the sentences to run concurrently.

Appellant does not raise any issues regarding his burglary conviction.  We therefore affirm the trial court’s judgment in that case.  In one point, Appellant contends that the evidence is legally insufficient to support his convictions for unauthorized use of a motor vehicle and theft of $1,500-$20,000.  Because we hold that the evidence is legally sufficient to support those convictions, we affirm the trial court’s judgments in those cases.

In the unauthorized use of a motor vehicle case, the evidence shows that someone took a white Pontiac Sunbird from Pacheco’s Garage without the permission of either Javier Pacheco, the owner of the garage, or Emilio Garcia, the owner of the car.  Garcia testified that when his car was recovered, he noticed that the car had been hotwired.

Meanwhile, the same day that the car was taken, Roy Tigrett, a Fort Worth police officer, received a tip from a black male at a motel that a white male was “messing with” the steering column on a white car.  About an hour or so later, Officer Tigrett saw the white car going north on Evans Street away from the motel as he was driving south on Evans Street.  The two cars passed each other, and the two drivers looked right at each other and acknowledged each other.  Officer Tigrett recognized Appellant as the driver of the white car.  The officer made a U-turn to follow Appellant, suspecting that the car might be stolen.  (The officer had not yet heard about the stolen Pontiac.)  The white car sped up and turned east without using the turn signal.  The officer turned on his car’s overhead lights, and Appellant jumped out of the moving white car.  The white car was later identified as the stolen Pontiac.

Appellant contends that Officer Tigrett’s “testimony could be considered suspect because the identification that took place was in the context of two cars moving past each other.”  He does not otherwise challenge the evidence in this case.  The jury is the sole judge of the weight and credibility of the evidence.
(footnote: 2)  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the jury.
(footnote: 3)  Accordingly, based on the applicable standard of review,
(footnote: 4) we hold that the evidence is legally sufficient to support Appellant’s conviction for unauthorized use of a motor vehicle.

In the theft case, the evidence shows that Appellant stole a diagnostic machine from an automotive shop.  He pawned the machine later that day. Appellant challenges only the evidence of the value of the stolen property, contending that he successfully rebutted the owner’s valuation of the property using either the fair market value or cost method of valuation.

Section 31.08(a) of the penal code provides that the value of stolen property is “the fair market value of the property . . . at the time and place of the offense; or . . . if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft.”
(footnote: 5)  The fair market value of property is that amount the property would sell for in cash given a reasonable amount of time to sell it.
(footnote: 6)
 The owner of the machine testified that he had bought the machine about ten years earlier for around $2,000, that he had updated the machine with software to keep it current, and that it would cost about $5,000 to purchase a model with similar capabilities.  The pawnshop owner testified that he had paid $200 for the machine because that was the price Appellant set, not the machine’s fair market value, that an Ebay seller had listed the same model of machine at a “buy it now” price of $450, and that he had no knowledge whether the Ebay machine had the same updates and capabilities as the stolen machine.  He had no experience selling such machines.

Our review of the record yields no evidence of the fair market value of the stolen property.  Consequently, the replacement cost determines the stolen property’s value.  It is not our place to decide whether the owner of the machine or the pawnshop owner is more credible.  Again, the jury is the sole judge of the weight and credibility of the evidence,
(footnote: 7) and we may not substitute our judgment for that of the jury.
(footnote: 8)  Accordingly, based on the applicable standard of review,
(footnote: 9) we hold that the evidence is legally sufficient to support Appellant’s conviction for theft of $1,500-$20,000.

Having held the evidence legally sufficient in the unauthorized use of a motor vehicle and theft cases, we overrule Appellant’s sole point and affirm the trial court’s judgments in all three cases.

PER CURIAM

PANEL F: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 21, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).

3:
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

4:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (both providing legal sufficiency standard of review)
.

5:
Tex. Penal Code Ann.
 § 31.08(a) (Vernon 2003).

6:
Keeton v. State
, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991).

7:
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04; 
Margraves
, 34 S.W.3d at 919.

8:
Dewberry
, 4 S.W.3d at 740.

9:
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693.