Eric Ryan Smith v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-322-CR

ERIC RYAN SMITH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Eric Ryan Smith appeals his conviction for aggravated assault causing serious bodily injury.  
The jury found Smith guilty, and the trial court sentenced him to twenty years’ confinement
.  In a single point, 
Smith argues that the evidence is legally insufficient to support the jury’s verdict. 

Between 9:00 and 10:00 one night, Allan Woodson and Michael Brewer picked up some beer and went to the apartment of their mutual friend, James Evans.  Smith and Karen Sanford were already at Evan’s apartment when Woodson and Brewer arrived.  Around 1:30 or 2:00 that morning, as Woodson, Brewer, Sanford, and Smith were leaving the apartment, Woodson told Smith that he would not drive him home.  As the four were getting into Woodson’s truck, Woodson again told Smith that he would not drive him home, and Smith walked around to the front of the truck where Woodson was standing and hit Woodson in the face.  Woodson fell to the ground and did not move.  Brewer, who had already climbed into the back jump seat of Smith’s truck, saw Smith hit Woodson about fifteen to twenty times and saw Smith “stomp[] him . . . about four or five times in the face.”  When Brewer managed to get out of the truck, he yelled Smith’s name, and Smith stopped and walked off.  Several other residents of the apartment complex called 911, and police arrived on the scene shortly thereafter.  

The indictment alleged, in relevant part, that Smith 

INTENTIONALLY OR KNOWINGLY CAUSE[D] SERIOUS BODILY INJURY TO ALLAN WOODSON BY KICKING HIM . . . . 

Smith contends that there is legally insufficient evidence that he kicked Woodson as alleged in the indictment.   

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).  
The standard of review is the same for direct and circumstantial evidence cases.  
Burden v. State
, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

A person commits the offense of assault if the person “intentionally, knowingly, or recklessly causes bodily injury to another.”  
Tex. Penal Code Ann. § 
22.01(a)(1) (Vernon Supp. 2005).  An assault becomes aggravated if the person “causes serious bodily injury to another.” 
 Id.
 § 22.02(a)(1). 

Here, the State had to prove that Smith caused serious bodily injury to Woodson by kicking him.  Brewer testified at trial that he was still in the back seat of Woodson’s truck when he saw Smith hit Woodson and that he could not see Woodson after he fell to the ground because he fell in front of the truck.  However, Brewer testified that he “could hear the thumping” and that he could see Smith’s motions.  He testified, 

Q:  Did he [Smith] ever at any time kick him [Woodson]?

A:  Yeah.

Q:  How many times?

A:  After he stopped pounding on him, he stomped him like that (demonstrates), about four or five times in the face. 

Woodson testified that he suffered memory loss after the accident.  He remembered telling Smith that he would not drive him home and remembered seeing Smith come at him and hit him with his fist, but he did not remember anything that happened after that point. 

The surgeon who operated on Woodson’s face testified that almost every bone in Woodson’s face was injured, including fractures in the jaw area and severe injuries to his right cheek bone.  He testified that Woodson’s injuries were consistent with having been kicked in the face and head multiple times. Officer Peter Joe Salicco, a crime scene specialist, testified that he examined the scene after the accident and that the blood splatters indicated that “the impact occurred lower or at least somewhere low, ground level or – or just above that.”  He also testified that when he examined the shirt that Woodson was wearing at the time of the incident, he found “some pattern such as a shoe design on [the shirt] that would be transfer blood, where blood got on the shoe and transferred onto the actual item itself.”    

Officer Salicco further testified that there were no footprints at the scene. He testified that given the nature of the scene and the injuries, he would expect to find blood on a person’s foot “a hundred [times] out of a hundred” and that he would expect a footprint “[i]f the foot was used.”  Smith
 contends that the evidence is legally insufficient based on this testimony, coupled with the fact that “[t]he only evidence that Appellant used his foot was from Michael Brewer, who admittedly did not see what happened.”  However, under a legal sufficiency review, we must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry
, 30 S.W.3d at 406.  Officer Salicco also testified that the lack of footprints could be explained if Smith kicked Woodson only once at the scene and then left and that it is possible for someone to avoid leaving bloody footprints by removing their shoes at the scene or by wiping off their shoes at the scene. 

We have reviewed the entire record.  Viewing all the evidence in the light most favorable to the State, we hold that a rational trier of fact could have found that Smith caused serious bodily injury to Woodson by kicking him.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693.  We overrule Smith’s sole point and affirm the trial court’s judgment.
(footnote: 2)  

PER CURIAM

PANEL F: WALKER, J; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: June 1, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Smith points out that the jury deliberated for an extended period of time, sent out several notes, at one point indicated that they were deadlocked, and returned a verdict only after receiving an 
Allen
 charge.  These facts, however, do not impact our legal sufficiency analysis.