COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-322-CR

 

 

ERIC RYAN SMITH                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Eric Ryan Smith appeals his conviction
for aggravated assault causing serious bodily injury.  The jury found Smith guilty, and the trial
court sentenced him to twenty years=
confinement.  In a single point, Smith
argues that the evidence is legally insufficient to support the jury=s
verdict. 








Between 9:00 and 10:00 one night, Allan Woodson
and Michael Brewer picked up some beer and went to the apartment of their
mutual friend, James Evans.  Smith and
Karen Sanford were already at Evan=s
apartment when Woodson and Brewer arrived. 
Around 1:30 or 2:00 that morning, as Woodson, Brewer, Sanford, and Smith
were leaving the apartment, Woodson told Smith that he would not drive him
home.  As the four were getting into
Woodson=s truck,
Woodson again told Smith that he would not drive him home, and Smith walked
around to the front of the truck where Woodson was standing and hit Woodson in
the face.  Woodson fell to the ground and
did not move.  Brewer, who had already
climbed into the back jump seat of Smith=s truck,
saw Smith hit Woodson about fifteen to twenty times and saw Smith Astomp[]
him . . . about four or five times in the face.@  When Brewer managed to get out of the truck,
he yelled Smith=s name, and Smith stopped and
walked off.  Several other residents of
the apartment complex called 911, and police arrived on the scene shortly
thereafter.  

The indictment alleged, in relevant part, that
Smith 

INTENTIONALLY OR
KNOWINGLY CAUSE[D] SERIOUS BODILY INJURY TO ALLAN WOODSON BY KICKING HIM . . .
. 

 

Smith contends that there is legally insufficient evidence that he
kicked Woodson as alleged in the indictment.  









In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict in order to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d
691, 693 (Tex. Crim. App. 2005).  








This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789.  The trier of
fact is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v.
State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).  The standard of review is the same for direct
and circumstantial evidence cases.  Burden
v. State, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); Kutzner v. State,
994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

A person commits the offense of assault if the
person Aintentionally,
knowingly, or recklessly causes bodily injury to another.@  Tex.
Penal Code Ann. ' 22.01(a)(1) (Vernon Supp. 2005).  An assault becomes aggravated if the person Acauses
serious bodily injury to another.@  Id. '
22.02(a)(1). 

Here, the State had to prove that Smith caused
serious bodily injury to Woodson by kicking him.  Brewer testified at trial that he was still
in the back seat of Woodson=s truck
when he saw Smith hit Woodson and that he could not see Woodson after he fell
to the ground because he fell in front of the truck.  However, Brewer testified that he Acould
hear the thumping@ and that he could see Smith=s
motions.  He testified, 

Q:  Did he [Smith] ever at any time kick him
[Woodson]?

 

A:  Yeah.

 

Q:  How many times?

 

A:  After he stopped pounding on
him, he stomped him like that (demonstrates), about four or five times in the
face. 

 








Woodson testified that he suffered memory loss after the
accident.  He remembered telling Smith
that he would not drive him home and remembered seeing Smith come at him and
hit him with his fist, but he did not remember anything that happened after
that point. 

The surgeon who operated on Woodson=s face
testified that almost every bone in Woodson=s face
was injured, including fractures in the jaw area and severe injuries to his
right cheek bone.  He testified that
Woodson=s
injuries were consistent with having been kicked in the face and head multiple
times. Officer Peter Joe Salicco, a crime scene specialist, testified that he
examined the scene after the accident and that the blood splatters indicated
that Athe
impact occurred lower or at least somewhere low, ground level or B or just
above that.@ 
He also testified that when he examined the shirt that Woodson was
wearing at the time of the incident, he found Asome
pattern such as a shoe design on [the shirt] that would be transfer blood,
where blood got on the shoe and transferred onto the actual item itself.@    








Officer Salicco further testified that there were
no footprints at the scene. He testified that given the nature of the scene and
the injuries, he would expect to find blood on a person=s foot Aa
hundred [times] out of a hundred@ and
that he would expect a footprint A[i]f the
foot was used.@ 
Smith contends that the evidence is legally insufficient based on this
testimony, coupled with the fact that A[t]he
only evidence that Appellant used his foot was from Michael Brewer, who
admittedly did not see what happened.@  However, under a legal sufficiency review, we
must resolve any inconsistencies in the evidence in favor of the verdict.  Curry, 30 S.W.3d at 406.  Officer Salicco also testified that the lack
of footprints could be explained if Smith kicked Woodson only once at the scene
and then left and that it is possible for someone to avoid leaving bloody
footprints by removing their shoes at the scene or by wiping off their shoes at
the scene. 

We have reviewed the entire record.  Viewing all the evidence in the light most
favorable to the State, we hold that a rational trier of fact could have found
that Smith caused serious bodily injury to Woodson by kicking him.  See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Hampton, 165 S.W.3d at 693. 
We overrule Smith=s sole point and affirm the
trial court=s judgment.[2]  

 

PER
CURIAM

 

PANEL F:    WALKER, J; CAYCE, C.J.; and LIVINGSTON, J.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: June 1, 2006











[1]See Tex. R. App. P. 47.4.





[2]Smith points out that the jury deliberated for an
extended period of time, sent out several notes, at one point indicated that
they were deadlocked, and returned a verdict only after receiving an Allen
charge.  These facts, however, do not
impact our legal sufficiency analysis.