COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-238-CR

 

 

RAYMOND ANTHONY CLARK                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 








Appellant Raymond Anthony Clark appeals his
conviction for murder.  The jury found
Clark guilty, and after Clark pleaded true to the habitual offender allegation
in the indictment, the trial court sentenced him to confinement for life.  In a single point, Clark argues that the
evidence is legally insufficient to support the jury=s
verdict.  Specifically, Clark argues that
the conflicting evidence Aestablishes the probability that
the shooting in this case was an accidental shooting.@ 

Clark and Karen Hutchenson lived together with
their son, Clark=s daughter from a previous
relationship, and Hutchenson=s son
from a previous relationship.  One night
Clark went to a club with his friend, Jeremy Franklin, while Hutchenson stayed
home with the children.  Around 3:00
a.m., Clark dropped off Franklin at his car and went home.  About five or ten minutes later, Clark called
Franklin.  The two had a normal
conversation, Franklin could hear Hutchenson in the background, and the
conversation lasted a few minutes. About two or three minutes later, Clark
again called Franklin and said, AGet over
here.  Get over here real fast because
[Hutchenson] got the gun.  [Hutchenson]
got the gun.  She=s going
to shoot.@ 
Franklin immediately hung up the phone and drove to Clark=s
house.  When he arrived about two minutes
later, he saw Clark and the three children coming out of the house Ahollering
and screaming.@ Clark told Franklin, AIt was
an accident, it was an accident, the gun went off.@
Franklin went inside the house and saw Hutchenson lying on the bed with a
gunshot wound to her head.  Clark kept
saying it was an accident.  








Police arrived at the scene shortly thereafter
and saw Clark straddling Hutchenson=s body,
attempting to give her CPR.  Police
officers took Clark to the police station, where he gave two oral statements to
Detective Michel Carroll alleging that Hutchenson had obtained the gun from
under their bed as they argued and that as they struggled with the gun, it
accidentally discharged.

Police arrested Clark that day.  The indictment alleged, in relevant part,
that Clark intentionally or knowingly caused Hutchenson=s death
by shooting her with a firearm.  

In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict in order to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d
691, 693 (Tex. Crim. App. 2005).  








This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789.  The trier of
fact is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v.
State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).  The standard of review is the same for direct
and circumstantial evidence cases.  Burden
v. State, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); Kutzner v. State,
994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

Here, the record demonstrates that Hutchenson was
killed by a single gunshot wound to her head that was inflicted by a
thirty-one-inch-long assault rifle found lying on the bedroom floor.  Detective Carroll testified that variations
existed in Clark=s first and second
statements.  In Clark=s first
statement, he explained that he and Hutchenson got into an argument, Hutchenson
grabbed the gun from under their bed, the two struggled with the gun, and as he
jerked it away from her, it went off. Clark stated that the gun went off as
Hutchenson was falling back on the bed. Detective Carroll determined that Clark=s
statement did not comport with the physical evidence, and he then took a second
statement minutes later.  In his second
statement, Clark stated that after Hutchenson grabbed the gun, he took it from
her, she fell back on the bed, and as he was leaning over her, the gun went
off. 








Detective Carroll and another officer who
investigated the crime scene both testified that there did not appear to have
been a struggle.  The record shows that
Hutchenson was wearing only pants and one sock and that she was holding her
other sock in her hand when she was killed. 
Clark=s expert witness, Max Courtney,
testified that the manner in which Hutchenson=s body
was found indicated that Hutchenson was either putting on or taking off her
socks when she was shot.  Both Officer
Redding and Courtney testified that, based on the trajectory of the bullet and
the absence of stippling, Hutchenson=s head
had to have been in close proximity to the mattress when the bullet hit her
head.  The firearms examiner for the Fort
Worth Police Department Crime Lab testified that he had examined the gun that
shot Hutchenson and that it passed inspection. 
He testified that the gun would not fire unless the trigger was pulled.

The only evidence that Clark points to in support
of his legal insufficiency argument is Courtney=s
testimony that it is possible that this could have been an accidental shooting
and Clark=s daughter=s
testimony that she saw her father and Hutchenson struggling over the gun.  But even if we were to view this evidence as
inconsistent with the evidence supporting the verdict, under a legal sufficiency
review, we resolve such inconsistencies in favor of the verdict.  See Curry, 30 S.W.3d at 406.  The balance of the evidence, including the
physical evidence, supports the verdict.








We have reviewed the entire record.  Viewing all the evidence in the light most
favorable to the State, we hold that a rational trier of fact could have found
that Clark intentionally or knowingly caused Hutchenson=s death
by shooting her.  See Jackson, 443
U.S. at 319, 99 S. Ct. at 2789; Hampton, 165 S.W.3d at 693.  We overrule Clark=s sole
point and affirm the trial court=s
judgment.  

PER
CURIAM

 

PANEL F:    WALKER,
LIVINGSTON, and DAUPHINOT, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: June 29, 2006











[1]See Tex. R. App. P. 47.4.