Clark v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-238-CR

RAYMOND ANTHONY CLARK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Raymond Anthony Clark appeals his conviction for murder.  
The jury found Clark guilty, and after Clark pleaded true to the habitual offender allegation in the indictment, the trial court sentenced him to confinement
 for life.  In a single point, 
Clark argues that the evidence is legally insufficient to support the jury’s verdict.  Specifically, Clark argues that the conflicting evidence “establishes the probability that the shooting in this case was an accidental shooting.” 

Clark and Karen Hutchenson lived together with their son, Clark’s daughter from a previous relationship, and Hutchenson’s son from a previous relationship.  One night Clark went to a club with his friend, Jeremy Franklin, while Hutchenson stayed home with the children.  Around 3:00 a.m., Clark dropped off Franklin at his car and went home.  About five or ten minutes later, Clark called Franklin.  The two had a normal conversation, Franklin could hear Hutchenson in the background, and the conversation lasted a few minutes. About two or three minutes later, Clark again called Franklin and said, “Get over here.  Get over here real fast because [Hutchenson] got the gun.  [Hutchenson] got the gun.  She’s going to shoot.”  Franklin immediately hung up the phone and drove to Clark’s house.  When he arrived about two minutes later, he saw Clark and the three children coming out of the house “hollering and screaming.” Clark told Franklin, “It was an accident, it was an accident, the gun went off.” Franklin went inside the house and saw Hutchenson lying on the bed with a gunshot wound to her head.  Clark kept saying it was an accident.  

Police arrived at the scene shortly thereafter and saw Clark straddling Hutchenson’s body, attempting to give her CPR.  Police officers took Clark to the police station, where he gave two oral statements to Detective Michel Carroll alleging that Hutchenson had obtained the gun from under their bed as they argued and that as they struggled with the gun, it accidentally discharged.

Police arrested Clark that day.  The indictment alleged, in relevant part, that Clark intentionally or knowingly caused Hutchenson’s death by shooting her with a firearm.  

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).  
The standard of review is the same for direct and circumstantial evidence cases.  
Burden v. State
, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

Here, the record demonstrates that Hutchenson was killed by a single gunshot wound to her head that was inflicted by a thirty-one-inch-long assault rifle found lying on the bedroom floor.  Detective Carroll testified that variations existed in Clark’s first and second statements.  In Clark’s first statement, he explained that he and Hutchenson got into an argument, Hutchenson grabbed the gun from under their bed, the two struggled with the gun, and as he jerked it away from her, it went off. Clark stated that the gun went off as Hutchenson was falling back on the bed. Detective Carroll determined that Clark’s statement did not comport with the physical evidence, and he then took a second statement minutes later.  In his second statement, Clark stated that after Hutchenson grabbed the gun, he took it from her, she fell back on the bed, and as he was leaning over her, the gun went off. 

Detective Carroll and another officer who investigated the crime scene both testified that there did not appear to have been a struggle.  The record shows that Hutchenson was wearing only pants and one sock and that she was holding her other sock in her hand when she was killed.  Clark’s expert witness, Max Courtney, testified that the manner in which Hutchenson’s body was found indicated that Hutchenson was either putting on or taking off her socks when she was shot.  Both Officer Redding and Courtney testified that, based on the trajectory of the bullet and the absence of stippling, Hutchenson’s head had to have been in close proximity to the mattress when the bullet hit her head.  The firearms examiner for the Fort Worth Police Department Crime Lab testified that he had examined the gun that shot Hutchenson and that it passed inspection.  He testified that the gun would not fire unless the trigger was pulled.

The only evidence that Clark points to in support of his legal insufficiency argument is Courtney’s testimony that it is possible that this could have been an accidental shooting and Clark’s daughter’s testimony that she saw her father and Hutchenson struggling over the gun.  But even if we were to view this evidence as inconsistent with the evidence supporting the verdict, under a legal sufficiency review, we resolve such inconsistencies in favor of the verdict.  
See Curry
, 30 S.W.3d at 406. 
 The balance of the evidence, including the physical evidence, supports the verdict.

We have reviewed the entire record.  Viewing all the evidence in the light most favorable to the State, we hold that a rational trier of fact could have found that Clark intentionally or knowingly caused Hutchenson’s death by shooting her.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693.  We overrule Clark’s sole point and affirm the trial court’s judgment.  

PER CURIAM

PANEL F: WALKER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: June 29, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.