COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-431-CR

MICHAEL JEROME HAYES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

A jury convicted Michael Jerome Hayes of possession of one gram or more but less than four grams of cocaine.  The trial court assessed Hayes’s punishment at thirty-two years’ confinement.  In his sole point, Hayes contends that the evidence presented against him at trial is legally insufficient to support his conviction.  We affirm. 

II. Background

On March 30, 2004, Hayes rode as a passenger in a car, which Fort Worth Police Officers Clarence William Davis and James Pinkston observed committing multiple traffic violations.  Officer Davis initiated a traffic stop.  The car’s driver immediately approached the officers while holding her nose and crying.  The officers—believing that an assault had occurred—detained Hayes in the back seat of the patrol car pending investigation.  Subsequently, the officers discovered that Hayes had an outstanding warrant.  They briefly removed Hayes from the back seat of the patrol car to arrest him and then returned him to that same seat for transportation to police headquarters. 

Upon receiving the driver’s consent to search the vehicle, the officers located a small capsule under the passenger’s seat.  The officers believed that the capsule contained cocaine.  Later, Officer Pinkston removed Hayes from the patrol car and discovered a plastic bag containing additional capsules in the patrol car’s backseat.  The Fort Worth Police Department crime lab tested the capsules and determined that the capsules removed from both the police car and the stopped vehicle contained cocaine totaling 1.437 grams.
(footnote: 2) 
 

III. Legal Insufficiency

Hayes contends that the evidence is legally insufficient to support the jury’s verdict because 
it fails to establish that he—not a prior detainee or the female driver of the vehicle police stopped—left the cocaine in the patrol car
. 

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).
 

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The question we must answer is whether, viewing the evidence in the light most favorable to the State, a rational trier of fact could have found that 

the cocaine found in the backseat of the patrol car was left there by Hayes, not a prior detainee or the female driver.  Officer Davis testified that at Officer Pinkston’s direction, he searched the patrol car for contraband prior to Hayes’s detention in the vehicle. 
 Officer Pinkston testified that he could not recall specifically when Officer Davis inspected the police cruiser on the date of Hayes’s arrest, but
 Officer Davis was responsible for following the established procedure of searching the patrol car for contraband after the release of a detainee.  
No evidence exists that another individual occupied the patrol car’s back seat after Officer Davis’s last search for contraband but prior to Hayes’s arrest.  Likewise, no evidence exists that the female driver of the vehicle Hayes had been a passenger in that night had been in or near the police squad car.

Consequently, evaluating the testimony, the jury could have believed that Hayes abandoned the cocaine capsules in the patrol car, thus warranting a finding of guilt.
 
 A rational juror could surmise, based on the evidence and beyond a reasonable doubt, that Officer Davis inspected the police cruiser prior to Hayes’s detention in the vehicle and that Hayes, not a prior detainee or the female driver, left the capsules in the back seat.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  Therefore, we overrule Hayes’s sole point. 

IV. 
Conclusion

Having overruled Hayes’s sole point, we affirm the trial court’s judgment.

PER CURIAM 

PANEL F:   WALKER,J.; CAYCE, C.J.; and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 19, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The capsule located in the stopped vehicle contained 0.067 grams of cocaine, and the capsules found inside the patrol car after Hayes’s arrest contained 1.37 grams of cocaine.