COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

 

NO. 2-05-431-CR

 

 

MICHAEL JEROME HAYES                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT
COURT NO. 3 OF TARRANT COUNTY

 

------------

 

MEMORANDUM
OPINION[1]

 

------------

 

 

I.  Introduction

A jury convicted Michael
Jerome Hayes of possession of one gram or more but less than four grams of
cocaine.  The trial court assessed Hayes=s punishment at thirty-two years= confinement.  In his sole
point, Hayes contends that the evidence presented against him at trial is
legally insufficient to support his conviction. 
We affirm. 








II.
Background

On March 30, 2004, Hayes rode as a passenger in a car,
which Fort Worth Police Officers Clarence William Davis and James Pinkston
observed committing multiple traffic violations.  Officer Davis initiated a traffic stop.  The car=s driver
immediately approached the officers while holding her nose and crying.  The officersCbelieving that an
assault had occurredCdetained Hayes in the back seat of the
patrol car pending investigation.  Subsequently,
the officers discovered that Hayes had an outstanding warrant.  They briefly removed Hayes from the back seat
of the patrol car to arrest him and then returned him to that same seat for
transportation to police headquarters. 

Upon receiving the driver=s consent to
search the vehicle, the officers located a small capsule under the passenger=s seat.  The officers believed that the capsule
contained cocaine.  Later, Officer Pinkston
removed Hayes from the patrol car and discovered a plastic bag containing
additional capsules in the patrol car=s backseat.  The Fort Worth Police Department crime lab
tested the capsules and determined that the capsules removed from both the
police car and the stopped vehicle contained cocaine totaling 1.437 grams.[2]
 








III.
Legal Insufficiency

Hayes contends that the
evidence is legally insufficient to support the jury=s verdict because it fails to establish that heCnot a prior detainee or the female driver of the vehicle police
stoppedCleft the cocaine in the patrol car. 

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005). 








This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789.  The
trier of fact is the sole judge of the weight and credibility of the
evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The question we must answer
is whether, viewing the evidence in the light most favorable to the State, a
rational trier of fact could have found that 

the cocaine found in the backseat of the patrol
car was left there by Hayes, not a prior detainee or the female driver.  Officer Davis testified that at Officer
Pinkston=s direction, he searched the patrol car for contraband prior to Hayes=s detention in the vehicle. 
Officer Pinkston testified that he could not recall specifically when
Officer Davis inspected the police cruiser on the date of Hayes=s arrest, but Officer Davis was responsible for following the
established procedure of searching the patrol car for contraband after the
release of a detainee.  No evidence
exists that another individual occupied the patrol car=s back seat after Officer Davis=s last search for contraband but prior to Hayes=s arrest.  Likewise, no evidence
exists that the female driver of the vehicle Hayes had been a passenger in that
night had been in or near the police squad car.








Consequently, evaluating the
testimony, the jury could have believed that Hayes abandoned the cocaine
capsules in the patrol car, thus warranting a finding of guilt.  A rational juror could surmise, based on the
evidence and beyond a reasonable doubt, that Officer Davis inspected the police
cruiser prior to Hayes=s detention
in the vehicle and that Hayes, not a prior detainee or the female driver, left
the capsules in the back seat.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.  Therefore, we overrule Hayes=s sole point. 

IV. Conclusion

Having overruled Hayes=s sole point, we affirm the trial court=s judgment.

PER CURIAM       

 

PANEL F:   WALKER,J.; CAYCE, C.J.; and MCCOY, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: October 19,
2006











[1]See Tex. R. App. P. 47.4.





[2]The
capsule located in the stopped vehicle contained 0.067 grams of cocaine, and
the capsules found inside the patrol car after Hayes=s
arrest contained 1.37 grams of cocaine.