COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-356-CR

 

 

ALBERT MANNING, JR.                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

 

Albert Manning, Jr. appeals
his conviction and sentence for delivery of less than one gram of cocaine,
enhanced by two prior state jail felony convictions.  We affirm.








Appellant=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no reversible grounds on appeal.[3]  Once appellant=s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders, we
are obligated to undertake an independent examination of the record and to
essentially rebrief the case for appellant to see if there is any arguable
ground that may be raised on his behalf.[4]  Although appellant was given the opportunity
to file a pro se brief, he has not done so.

Our independent review of the
record shows that there is no error that arguably might support an appeal or
require reversal.  There are no
jurisdictional errors.  The indictment
conferred jurisdiction on the trial court and provided appellant with
sufficient notice to prepare a defense.[5]  

 








The evidence is legally and
factually sufficient to support the jury=s guilty finding.[6]  The evidence shows that appellant sold a $20
piece of crack cocaine to Officer Mark Beseda, an undercover police officer who
identified him at trial.  Scientific
evidence admitted at trial showed that the substance that Beseda bought from
appellant was analyzed by an infrared spectrophotometer, which was recognized
within the scientific community as being a proper instrument for determining
whether a substance contains cocaine. 
The person who conducted the analysis was properly trained and followed
standard testing procedures.  Her notes
indicated that the substance in question was almost pure cocaine and weighed
.16 gram.  








The trial court properly charged the jury on the charged offense and
the applicable range of punishment, and the punishment assessed is within the
statutory range.[7]  Therefore, we grant appellate counsel=s motion to withdraw and affirm the trial court=s judgment.

PER CURIAM

PANEL
F:  CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
47.2(b)

 

DELIVERED: 
October 26, 2006

 

 











[1]See Tex. R. App. P. 47.4.





[2]386
U.S. 738, 87 S. Ct. 1396 (1967).





[3]See
Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App.CFort
Worth 1995, no pet.).





[4]See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).





[5]See Tex. Const. art. V, ' 12; Tex. Code Crim. Proc. Ann. art. 4.05
(Vernon 2005); Duron v. State,
956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).





[6]See Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (both setting out legal
sufficiency standard of review); Watson v. State, No. PD-0469-05, 2006 WL
2956272, at *8, 10 (Tex. Crim. App. Oct. 18, 2006) (setting out factual
sufficiency standard of review). 





[7]See Tex. Health & Safety Code Ann. '
481.112(a)B(b)
(Vernon 2003); Tex. Penal Code Ann.
''
12.34, 12.42(a)(1) (Vernon 2003).