COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-442-CR

 

 

HECTOR D. HERNANDEZ                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant Hector D. Hernandez of
murder and assessed his punishment at fifty years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  The trial court sentenced him
accordingly.  In two issues, Appellant
challenges the legal and factual sufficiency of the evidence excluding
accomplice testimony.  Because we hold
that accomplice testimony is sufficiently corroborated by the remaining
evidence, we affirm the trial court=s
judgment.

On March 14, 2005, Kelton Rhodes and Jose
Jauregui were shot and killed in a drive-by shooting at a Fort Worth, Texas
apartment complex.  The shots that killed
them were fired from a rifle in a pickup truck owned and driven by Jesus
Salcedo.  Jesus Salcedo, Hector Ortega,
Felipe Gobea, Jessica Canavan, and Appellant, a member of a northside Fort
Worth street gang, were in the truck at the time of the shooting.  At trial, the State sought to establish that
Appellant fired the shots.

At the scene, police recovered a shell casing
from a 7.62 caliber shell, the same caliber that an SKS rifle uses.  Appellant had recently purchased an SKS
rifle.  The police recovered from
Appellant=s house a high-capacity magazine
capable of holding thirty-two cartridges, with twenty cartridges still
inside.  The magazine fit an SKS rifle.








Salcedo had driven to the apartment complex
looking for Rogelio Escobar, a member of a rival gang, and, the State alleged,
the intended target of the shooting. 
Ortega testified that the truck occupants had gone to the apartment complex
intending to scare Escobar and his friends, who were standing outside the
apartment, and that Appellant fired gunshots with the SKS rifle and Gobea fired
gunshots with a shotgun.  Ortega further
testified that after the shootings, all of the truck occupants helped dispose
of the shell casings.  Canavan testified
that she did not see who shot which weapon.

Appellant argues that the State relied on
accomplice testimony to secure its conviction and that absent the testimony,
there is legally and factually insufficient evidence to support his guilt.  Article 38.14 of the Texas Code of
Criminal  Procedure provides that

[a] conviction cannot be had upon the testimony of an accomplice
unless corroborated by other evidence tending to connect the defendant with the
offense committed; and the corroboration is not sufficient if it merely shows
the commission of the offense.[2]

 








In conducting a sufficiency review under the
accomplice-witness rule, the reviewing court must eliminate the accomplice
testimony from consideration and then examine the remaining portions of the
record to ascertain if there is any evidence that tends to connect the accused
with the commission of the crime.[3]  ATendency
to connect@ rather than rational
sufficiency is the standard:  the
corroborating evidence need not be sufficient by itself to establish guilt
beyond a reasonable doubt.[4]  Nor is it necessary for the corroborating
evidence to directly link the accused to the commission of the offense.[5]  The accomplice-witness rule is a statutorily
imposed sufficiency review and is not derived from federal or state
constitutional principles that define the legal and factual sufficiency
standards.[6]  To satisfy the accomplice-witness rule there
simply needs to be other evidence tending to connect the accused to the
commission of the offense.[7]

As both the State and Appellant point out, the
trial court did not hold that Hector Ortega and Jessica Canavan, the two
witnesses the State relied on, were accomplices as a matter of law.  Instead, the trial court charged the jury on
whether Ortega and Canavan were accomplices as a matter of fact.  No separate jury finding resolved the issue;
rather, the jury was instructed, 








Now, if you believe from the evidence beyond a reasonable doubt that
an offense was committed and you further believe from the evidence that the
witness, Hector Ortega and Jessica Canavan, or either of them, was an
accomplice, or you have a reasonable doubt whether Hector Ortega and Jessica
Canavan, or either of them, was not an accomplice, as the term is defined in
the foregoing instructions, then you cannot convict the Defendant upon the
testimony of the said Hector Ortega and Jessica Canavan, or either of them,
unless you further believe that there is other evidence in the case, outside of
the evidence of the said Hector Ortega and Jessica Canavan, or either of them,
tending to connect the Defendant with the commission of the offense charged . .
. , and then from all the evidence you must believe beyond a reasonable doubt
that the Defendant is guilty.  You are further
instructed that one or more accomplices cannot corroborate each other.

Assuming
without deciding that the jury implicitly found that Ortega and Canavan were
accomplices in fact, we note that in addition to the testimony of Ortega and
Canavan, the State offered the following evidence:

$                  
three days before the murders, Appellant bought an SKS rifle and
ammunition;

 

$                  
when the police searched Appellant=s house, underneath the house they found a
modified magazine that fit an SKS rifle;

 

$                  
the modified magazine had twenty cartridges remaining out of a
possible thirty-two;

 

$                  
approximately ten to thirteen shots were fired at the crime scene; and

 

$                  
the police recovered rounds that were fired from an SKS rifle.

 








We hold
that this evidence tends to connect Appellant to the offense.[8]  This evidence therefore sufficiently
corroborates the testimony of Ortega and Canavan identifying Appellant as the
shooter.[9]  We therefore consider their testimony in
addressing the legal and factual sufficiency of the evidence to support the
jury=s
verdict.[10]  Applying the appropriate standards of review,[11]
we hold the evidence detailed above both legally and factually sufficient to support
the jury=s
verdict, overrule Appellant=s two
issues, and affirm the trial court=s
judgment.

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 25, 2007











[1]See Tex. R. App. P.
47.4.





[2]Tex. Code Crim. Proc. Ann art. 38.14 (Vernon 2005).





[3]Solomon v. State, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001); Hernandez v. State,
939 S.W.2d 173, 176 (Tex. Crim. App. 1997).





[4]Solomon, 49
S.W.3d at 361; Cathey v. State, 992 S.W.2d 460, 462 (Tex. Crim. App.
1999), cert. denied, 528 U.S. 1082 (2000).





[5]Cathey, 992
S.W.2d at 462.





[6]Id. at
462-63.





[7]See id. at
463.





[8]See id.





[9]See Tex. Code Crim. Proc. Ann. art. 38.14.





[10]See id.





[11]See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton
v. State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (both setting out the
legal sufficiency standard of review); Watson v. State, 204 S.W.3d 404,
414-15, 417 (Tex. Crim. App. 2006); Drichas v. State, 175 S.W.3d 795,
799 (Tex. Crim. App. 2005) (both setting out the factual sufficiency standard
of review).