COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-442-CR

HECTOR D. HERNANDEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Hector D. Hernandez of murder and assessed his punishment at fifty years’ confinement in the Institutional Division
 of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.  In two issues, 
Appellant challenges the legal and factual sufficiency of the evidence excluding accomplice testimony.  Because we hold that accomplice testimony is sufficiently corroborated by the remaining evidence, we affirm the trial court’s judgment.

On March 14, 2005, Kelton Rhodes and Jose Jauregui were shot and killed in a drive-by shooting at a Fort Worth, Texas apartment complex.  The shots that killed them were fired from a rifle in a pickup truck owned and driven by Jesus Salcedo.  Jesus Salcedo, Hector Ortega, Felipe Gobea, Jessica Canavan, and Appellant, a member of a northside Fort Worth street gang, were in the truck at the time of the shooting.  At trial, the State sought to establish that Appellant fired the shots.

At the scene, police recovered a shell casing from a 7.62 caliber shell, the same caliber that an SKS rifle uses.  Appellant had recently purchased an SKS rifle.  The police recovered from Appellant’s house a high-capacity magazine capable of holding thirty-two cartridges, with twenty cartridges still inside.  The magazine fit an SKS rifle.

Salcedo had driven to the apartment complex looking for Rogelio Escobar, a member of a rival gang, and, the State alleged, the intended target of the shooting.  Ortega testified that the truck occupants had gone to the apartment complex intending to scare Escobar and his friends, who were standing outside the apartment, and that Appellant fired gunshots with the SKS rifle and Gobea fired gunshots with a shotgun.  Ortega further testified that after the shootings, all of the truck occupants helped dispose of the shell casings.  Canavan testified that she did not see who shot which weapon.

Appellant argues that the State relied on accomplice testimony to secure its conviction and that absent the testimony, there is legally and factually insufficient evidence to support his guilt.  Article 38.14 of the Texas Code of Criminal  Procedure provides that

[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.
(footnote: 2)

In conducting a sufficiency review under the accomplice-witness rule, the reviewing court must eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to ascertain if there is any evidence that tends to connect the accused with the commission of the crime.
(footnote: 3)  “Tendency to connect” rather than rational sufficiency is the standard:  the corroborating evidence need not be sufficient by itself to establish guilt beyond a reasonable doubt.
(footnote: 4)  Nor is it necessary for the corroborating evidence to directly link the accused to the commission of the offense.
(footnote: 5)  The accomplice-witness rule is a statutorily imposed sufficiency review and is not derived from federal or state constitutional principles that define the legal and factual sufficiency standards.
(footnote: 6)  To satisfy the accomplice-witness rule there simply needs to be other evidence tending to connect the accused to the commission of the offense.
(footnote: 7)
 As both the State and Appellant point out, the trial court did not hold that Hector Ortega and Jessica Canavan, the two witnesses the State relied on, were accomplices as a matter of law.  Instead, the trial court charged the jury on whether Ortega and Canavan were accomplices as a matter of fact.  No separate jury finding resolved the issue; rather, the jury was instructed, 

Now, if you believe from the evidence beyond a reasonable doubt that an offense was committed and you further believe from the evidence that the witness, Hector Ortega and Jessica Canavan, or either of them, was an accomplice, or you have a reasonable doubt whether Hector Ortega and Jessica Canavan, or either of them, was not an accomplice, as the term is defined in the foregoing instructions, then you cannot convict the Defendant upon the testimony of the said Hector Ortega and Jessica Canavan, or either of them, unless you further believe that there is other evidence in the case, outside of the evidence of the said Hector Ortega and Jessica Canavan, or either of them, tending to connect the Defendant with the commission of the offense charged . . . , and then from all the evidence you must believe beyond a reasonable doubt that the Defendant is guilty.  You are further instructed that one or more accomplices cannot corroborate each other.

Assuming without deciding that the jury implicitly found that Ortega and Canavan were accomplices in fact, we note that in addition to the testimony of Ortega and Canavan, the State offered the following evidence:

three days before the murders, Appellant bought an SKS rifle and ammunition;

when the police searched Appellant’s house, underneath the house they found a modified magazine that fit an SKS rifle;

the modified magazine had twenty cartridges remaining out of a possible thirty-two;

approximately ten to thirteen shots were fired at the crime scene; and

the police recovered rounds that were fired from an SKS rifle.

We hold that this evidence tends to connect Appellant to the offense.
(footnote: 8)  This evidence therefore sufficiently corroborates the testimony of Ortega and Canavan identifying Appellant as the shooter.
(footnote: 9)  We therefore consider their testimony in addressing the legal and factual sufficiency of the evidence to support the jury’s verdict.
(footnote: 10)  Applying the appropriate standards of review,
(footnote: 11) we hold the evidence detailed above both legally and factually sufficient to support the jury’s verdict, overrule Appellant’s two issues, and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 25, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Tex. Code Crim. Proc. Ann 
art. 38.14 (Vernon 2005).

3:
Solomon v. State
, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001); 
Hernandez v. State
, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997).

4:
Solomon
, 49 S.W.3d at 361; 
Cathey v. State
, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999), 
cert. denied
, 528 U.S. 1082 (2000).

5:
Cathey
, 992 S.W.2d at 462.

6:
Id.
 at 462-63.

7:
See id.
 at 463.

8:
See id.

9:
See
 
Tex. Code Crim. Proc. Ann.
 art. 38.14.

10:
See id.

11:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (both setting out the legal sufficiency standard of review); 
Watson v. State
, 204 S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005) (both setting out the factual sufficiency standard of review).