

# NUMBER 13-07-626-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BRUCE VINCENT FELDER,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the 22nd District Court
### of Hays County, Texas

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Vela

A jury found appellant, Bruce Vincent Felder, guilty of criminal mischief, a state-jail

felony. *See* TEX. PENAL CODE ANN. § 28.03(a)(1), (b)(4) (Vernon Supp. 2007). The trial

court sentenced him to one year in a state-jail facility and ordered him to pay $3,000 in

restitution. By two issues, Felder challenges the legal and factual sufficiency of the

evidence to support the verdict. We affirm.

I. Background

On January 27, 2006, Opal Jones drove to a Wal-Mart store in San Marcos. In the Wal-Mart parking lot, she spotted a car which was about to leave a parking space. After the car pulled out of the space, she pulled into and parked her car in the spot. As she parked her car, she heard someone honk at her. Then, a car parked directly behind her, blocking her car in the spot. Jones testified that an "agitated" man, whom she identified at trial as Felder, got out of the car, approached her car "angrily," and banged on her window. She opened her window to hear Felder, who was yelling and using profanity, claiming she had taken his parking spot. She told him "that was not what happened" and rolled up her window. Felder left, and he and a woman, who was waiting in his car, went into the Wal-Mart, leaving Jones's car blocked. Jones waited for them to enter the store before she got out of her car. She went inside the store to find someone to help her because she was frightened. As she was explaining the situation to a Wal-Mart employee, Felder approached them and, speaking loudly and using profane words, accused her of trying to "tell on" him. When Jones asked the employee to call a security guard, Felder yelled at her, and called her an "ugly name." Felder told Jones that he was "parked right behind you, so you're going to have to talk to me if you want to go." He then left the store. The employee suggested that Jones finish her grocery shopping, and, if Felder was still in the parking lot when she finished, someone would escort her to her car. After Jones finished grocery shopping, she went to the manager's office and asked someone to escort her to her car. An employee walked with her to her car; Felder's car was no longer blocking her vehicle. However, after she placed the groceries in the back of her car, she saw numerous key marks on the driver's side door of her car. The key marks were not

2

there when she arrived at the Wal-Mart. She returned to the store, notified employees of the damage, and the police were called. A police officer arrived, took Jones's statement, and requested to see Wal-Mart's video footage of the parking lot during the time in question.

A Wal-Mart employee testified Felder "was upset" and "had words" with Jones in the front of the store. The employee identified Felder as "Deidra's husband."[1] The officer asked if Deidra's husband's name was Bruce, and the employee confirmed it was. The officer reviewed the videotape and recognized Felder as the man who was driving the car that blocked Jones's car in the parking space. The videotape showed Felder parking his car behind Jones's, getting out and approaching the driver's side door of her car, going back to his vehicle, leaving his vehicle parked behind Jones's, then entering the Wal-Mart with his wife. The videotape also showed Felder leaving the Wal-Mart, approaching his vehicle, taking a right before he entered in his vehicle, and then getting into his car and driving to the front doors of the Wal-Mart. The videotape did not show Felder actually causing damage to Jones's car. The amount of damage was estimated at over $3,000.

Felder testified that he did not damage Jones's vehicle. He testified, "I didn't go near her car except for when the gentleman in the white shirt called me to explain to me that he witnessed what had happened."

On cross-examination, the prosecutor asked Felder:

Q. And this is the video of you leaving the [Wal-Mart] store. And I want you to look. On your right-hand side as you walk out of the store, we see an object.

A. Yeah.

---

[1]Deidra was identified as a Wal-Mart employee.

Q. What is that that you're carrying?

A. Those are my keys.

* * *

Q. So it's your testimony that you go behind the van not to key the victim's car at this point but to talk to the guy in the white T-shirt?

A. Yeah, the gentleman that called me . . . .

Q. What's that gentleman's name?

A. I have no idea. He's a customer.

## II. Discussion

In issues one and two, Felder challenges the legal and factual sufficiency of the evidence to support his conviction. In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hampton v. State*, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when performing a legal-sufficiency review, we may not re-evaluate the weight and credibility of the evidence and thereby substitute our judgment for that of the fact-finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We must resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App.

4

2000).

When reviewing the factual sufficiency of the evidence, we view all the evidence in a neutral light, favoring neither party. *See Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005). We will set aside the verdict only if: (1) the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder's determination is clearly wrong and manifestly unjust; or (2) the verdict though legally sufficient, is against the great weight and preponderance of the evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We cannot conclude a conviction is "clearly wrong" or "manifestly unjust" simply because we would have voted to acquit. *See Watson*, 204 S.W.3d at 417. In other words, we may not simply substitute our judgment for the fact-finder's judgment. *Johnson*, 23 S.W.3d at 12; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). To reverse for factual sufficiency, we must determine, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the verdict. *Watson*, 204 S.W.3d at 417. In examining a factual sufficiency challenge, we defer to the fact-finder's determination of the credibility of the evidence. *Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003).

*A. Elements of Criminal Mischief*

As charged in this case, a person commits the offense of criminal mischief if, without the consent of the owner, he or she intentionally or knowingly damages or destroys the tangible property of the owner. TEX. PENAL. CODE ANN. § 28.03(a)(1). Criminal mischief includes, as an element, the value of the injury inflicted. *See id*. § 28.03(b); *Gallardo v. State*, 167 Tex. Crim. 511, 321 S.W.2d 581, 581 (1959). The amount of pecuniary loss determines the punishment range for the offense. *See id*.

Circumstantial evidence, by itself, may be enough to support a jury's verdict. *Kutzner v. State*, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999); *see Smith v. State*, 965 S.W.2d 509, 515 (Tex. Crim. App. 1998). It is not necessary that every fact point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Barnes v. State*, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994); *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1994).

*B. Application of Law to Facts*

In this case, a rational jury could have determined the following from the evidence: (1) Felder parked his car behind Jones's car, got out and approached the driver's side door of Jones's car, then went back to his vehicle, leaving his vehicle parked behind Jones's car, then entered the Wal-Mart with his wife; (2) Felder left the Wal-Mart carrying his keys; (3) Felder was angry at Jones, claiming she took his parking spot; (4) the videotape showed Felder leaving the store, approaching his vehicle, taking a right before he entered in his vehicle, and then getting into his car and driving to the front doors of the store; (5) Felder admitted to going near Jones's car; (6) when Jones returned to her car, she saw the damage to her car's door; (7) the damage was not there when she arrived at the Wal-Mart store; and (8) the amount of damage to Jones's car was estimated at over $3,000.

The evidence favorable to Felder was that: (1) he denied damaging Jones's car; (2) he went near Jones's car to talk to the man in a white shirt; (3) the videotape did not show him damaging Jones's vehicle; and (4) no witness saw Felder damage Jones's car.

Viewing the evidence in the light most favorable to the verdict, we find that the jury's conclusion was warranted by the combined and cumulative force of all the incriminating circumstances. *See Barnes*, 876 S.W.2d at 321. Accordingly, we conclude the evidence

6

is legally sufficient for a rational jury to find Felder guilty of criminal mischief; that is he intentionally or knowingly damaged Jones's vehicle without her consent in an amount greater than $1,500 but less than $20,000 beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. § 28.03(a)(1), (b)(4). We also conclude the evidence supporting the conviction is not so weak that the fact-finder's determination is clearly wrong and manifestly unjust, or that the verdict is against the great weight and preponderance of the evidence. Issues one and two are overruled.

### III. CONCLUSION

We affirm the trial court's judgment.


ROSE VELA
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 3rd day of July, 2008.